ROBERT L. LEACH, State Superintendent of Banking, Appellant,
v. STATE SAVINGS BANK OF LOGAN et al., Appellees.

**BANKS AND BANKING:** Insolvency—Liquidation—Exclusive Proce-
1   dure. Principle reaffirmed that Sec. 9239, Code of 1924, and related
    sections on the same subject provide an exclusive procedure for the
    liquidation of an insolvent state bank, without preference to any
    depositor.

**APPEAL AND ERROR:** Reservation of Grounds—Permissible Change
2   of Position. A party who occupies in the trial court a purely *de-*
    *fensive* position, and in support thereof relies on an *inapplicable*
    statute, is not thereby precluded, on appeal, from relying on an
    *applicable* statute. (See Book of Anno., Vol. 1, Sec. 12827, Anno. 89
    *et seq.*)

Headnote 1:   7 C. J. p. 748.   Headnote 2:   3 C. J. p. 741.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

### JUNE 21, 1926.

This case involves a question of preference in favor of cer-
tain claimants in a bank receivership proceeding. The district
court allowed the preference, and the receiver has appealed.—
*Reversed.*

*Ben J. Gibson,* Attorney-general, and *P. E. Roadifer,* for
appellant.

*Bolter & Murray* and *Robertson & Havens,* for appellees.

EVANS, J.—The appellant was the superintendent of bank-
ing of the state of Iowa, and as such became the receiver of the
State Savings Bank of Logan, insolvent. The appellee Harrison

1. BANKS AND
BANKING: in-
solvency: liqui-
dation: exclusive
procedure.

County had a deposit in the insolvent bank to a
large amount. It made application to the re-
ceiver that its claim be established as a pre-
ferred claim, under the provisions of Section
3825-a, Code Supplement, 1913. Five other municipal corpora-
tions, which also had deposits in the insolvent bank, made like

applications, respectively, each claiming a right of preference under the provisions of the above noted statute. The receiver denied the claims for preference, but classified each claim as a general deposit. He made report accordingly to the district court, and asked that his report be reviewed and approved. The claimants appeared in the district court and resisted the approval of the report, and there pressed their claims for preference. The district court allowed the preference to each claimant. It was from such order that the receiver appealed.

The insolvent bank went into the hands of the receiver in May, 1923. The receivership proceeding and the method of disbursement thereunder are governed by the statute then in force. This was Chapter 189 of the Laws of the Fortieth General Assembly, amending Section 1877 of the Code. This statute was construed by us in *Leach v. Exchange State Bank,* 200 Iowa 186. That case is decisive of the controlling question presented herein. The case at bar was decided below before publication of our opinion in *Leach v. Exchange State Bank.* The decision below was undoubtedly influenced by our holding in *In re Receivership of Marathon Sav. Bank,* 198 Iowa 692. In that case we declared the state of the law as it was at the time that receivership was instituted, and held that the method of disbursement of the assets of the insolvent was controlled by Section 3825-a, Code Supplement, 1913. Our holding in *In re Receivership of Marathon Sav. Bank* would have controlled the decision in the instant case, if there had been no intervening change in the statute prior to the receivership proceeding herein.

The principal contention for the appellees is that the appellant has no right to raise any question here on appeal which he did not raise at the trial in the district court. The contention is

2. APPEAL AND ER-ROR: reservation of grounds: permissible change of position.

that the receiver did not make the point in the district court that the question at issue was controlled by the later statute. It is urged, therefore, that he waived the point. It is urged also that a certain stipulation by the parties in the district court amounted to such a waiver. Such stipulation contained the following:

"It is further agreed that the matter of the allowance of said claims and the issue to be determined by the court is whether or not said claims should be given preference over the

claims of depositors and other creditors under and by virtue of Section 3825-a of the 1913 Supplement to the Code, and that such issue is properly raised by the pleading in each case.''

Reliance is also had upon the following prayer of the receiver, as a part of his report:

''That a day of hearing be fixed upon each of the foregoing claims, and the claims be consolidated and submitted together upon the question of preference under Section 3825-a of the Code, and that an order be made denying said preference.''

The burden was upon the claimant to establish his right to a preference. The receiver properly stood upon the defensive. He was under no burden of specification. The receiver did resist the claim at all stages of its presentation. He was under no legal requirement to advance argument. If he advanced unsound argument in his resistance, he was not thereby barred from bringing forward sound argument. Nor was the court precluded from sustaining his resistance upon a correct view of the law, even though he himself had advanced mistaken views of the law. The issue presented was essentially one of general denial. Until final judgment, the duty of correct decision under the existing law rested upon the court at all times. The stipulation and the prayer of the receiver's report, which we have quoted herein, disclose clearly that the right of preference was resisted. The order entered by the district court was properly excepted to.

It is urged, however, that the receiver did not claim that Section 3825-a was *not applicable* to the proceeding, but that the *applicability* of this section was impliedly admitted.

To say that such statute was, or was not, applicable to the proceeding would, in any event, be mere legal argument. As already stated, the receiver was under no necessary burden to advance any legal argument at all. Defeated litigants not infrequently present better arguments in this court than they presented in the court below. If we were precluded from the consideration of better arguments here than were made below, our function of usefulness would be very greatly reduced. We may add that it was not within the function or power of the receiver to stipulate *the law* adversely to his trust.

We find nothing in the record that amounts to a waiver of any right under the general issue before the trial court. If the

opinion in the case of *Leach v. Exchange State Bank* had been handed down before the trial of this case below, it would undoubtedly have been followed by the district court. The appeal by the receiver has saved to him the right to have the issue still ruled by our holding in the cited case.

The order appealed from must, accordingly, be reversed.— *Reversed.*                                                     /

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.