C. D. Rime, Administrator, Appellee, v. L. A. Andrew, Receiver of State Bank of Davis County, Appellant.

No. 42297.

February 6, 1934.

Edward L. O'Connor, and W. R. Fimmen and Buell McCash, for appellant.

Walter McNett and T. A. Goodson, for appellee.

EVANS, J.—■ The question in dispute is extensively argued on both sides, and the authorities pro and con are fully marshaled. There is in fact no conflict in the authorities on the pivotal question in the case. Such pivotal question turns upon the evidence as a question of fact. If the deposit in question was made for a special purpose, pursuant to the knowledge, understanding, and acquiescence of the bank, then it was a special deposit and as such impressed with a trust. On the other hand, if the deposit, though made by the depositor for a special purpose, was not so made with the knowledge, acquiescence, or understanding of the bank, then it was not a special deposit within the meaning of the law, and was not impressed with a trust. And this is so, even though the fund was a trust in the hands of the depositor. Either hypothesis of the foregoing is fully supported by authority and without conflict in our cases. The fund was in fact a trust fund in the hands of the depositor as a trustee. In making the deposit, the purpose of the depositor was not to assert title thereto, nor to confer title therein to the bank. The act of deposit was a part of his method of accomplishing his special purpose, as is claimed. His method of procedure was had pursuant to a prior understanding and agreement of the bank officials. On the other hand, it is the claim of the defendant-receiver that the depositor acted in the procedure adopted by him without the knowledge, consent, or understanding of the bank or any of its officials. Such is the issue of fact to be determined, and it involves some history and some prior negotiations.

The depositor was Rowe. The legal beneficiary of the fund was C. D. Rime, as administrator of Willie Rime. Up to the time of the death of Willie Rime, Rowe had been his guardian. Upon his death, C. D. Rime was appointed as his administrator. As guardian, Rowe had in his custody, as the property of his ward, a note for $3,000 secured by a chattel mortgage. The debtor-mortgagor was Blakely. The same chattel mortgage purported to secure, not only the $3,000 note held by the guardian, but also a note for $13,000 held by the bank, which is involved in this receivership. Rowe was named as mortgagee and trustee for both creditors. No priority was given to either creditor over the other. They were to participate pro rata in the proceeds of the mortgaged property. Blakely sold certain of the mortgaged property and received $900 therefor. He brought such proceeds to the bank in question and left them there in the form of a deposit to be allotted to the mortgagees

between themselves. Pending the allotment, the deposit appeared on the books of the bank as a credit to Blakely. Rowe, as guardian, was under citation to make his final report and to turn over all funds in his hands to the administrator on or before January 11, 1932. The Blakely deposit was made on or before January 8, 1932. It was the expressed desire of Rowe that the bank should permit the entire fund to be allotted to the Rime estate. A meeting of the board of directors was called to consider the question on the evening of January 8. It was so held and the request of Rowe was fully discussed and conditionally granted. It was the expressed belief of the directors at that meeting that it was to the interest of the bank to defer a present enforcement of the mortgage because of the existing depression of prices. The mortgage was fully due and was subject to enforcement upon the demand of either creditor. The belief was also expressed that, unless the present fund could be allotted wholly to the administrator, he would press for an immediate enforcement. The result of the directors' meeting is set forth in their record as follows:

"It was moved by Buell McCash that the bank *allow Isaac Blakely to pay $900 of the proceeds of our joint chattel mortgage, on his indebtedness to the Rime Estate* with the understanding that we do not waive any rights to pro-rate the proceeds derived from the chattel property including the $900 when final settlement is made, to which understanding S. E. Rowe Trustee under the chattel mortgage has agreed as a condition precedent to the release of said $900 made in the presence of the board of directors of The State Bank of Davis County.

"This concession to be made with the understanding that further time on the balance is to be obtained from the court by S. E. Rowe."

The foregoing motion was duly carried. It will be noted in the above that the duty was cast upon Rowe to secure performance of the specified condition. Rowe was a vice president and director of the bank. He was also the mortgagee, as trustee, in the Blakely mortgage. On the following day, January 9, he obtained from Rime, administrator, his assent to the condition imposed by the board of directors. This condition was later approved by the probate court. Thereupon Rowe proceeded to carry out a formal trans-

fer of the fund from Blakely to the administrator in accordance with the vote of the directorate. The method adopted by him was the following: He took from Blakely a check to himself, as trustee in the mortgage, and then drew his own check payable to Rime, administrator, and delivered the same to the administrator on the same day, but after banking hours. The check received by him from Blakely was deposited by him and thereby appeared on the face of the record as a deposit. The check issued by him became a check on this deposit. In the absence of evidence to the contrary, the deposit of the check became presumptively a general deposit. The appellant's case rests upon this presumption, the appellant contending that there is no evidence to overcome the presumption. In this contention, the appellant ignores the proceeding of the directors' meeting on January 8. He insists that the only evidence material or competent consists of the action of Rowe on January 9, and that such action was entirely independent of, and unaffected by, the proceedings at the directors' meeting on January 8. There can be no doubt as to the purpose of Rowe in depositing the check of Blakely and in issuing his own check to the administrator. The fund was already segregated by Blakely. It was unmixed with any other proceeds. The directors of the bank relinquished their equitable right to any part of it, and agreed that it should go in lump to the administrator of the Rime estate. Rowe attempted to execute this undertaking of the directors. Was the method adopted by him fairly responsive to, and consistent with, the action of the directors? If yea, then it must be regarded as having been done *pursuant* to the action of the board and as a good faith attempt to give effect to the action of the board and to comply with its spirit.

Upon the record before us we are unable to entertain any doubt of the purpose of Rowe or of the knowledge and consent of, and to, such purpose, by the directors of the bank.

We hold, therefore, that the deposit of the Blakely check by Rowe was made for the special purpose of transferring the fund to the administrator; and that this was the only purpose of it; that this purpose was consistent with, and pursuant to, the purpose of the board of directors as expressed at their meeting of January 8. It must be said therefore that the deposit was made for a special purpose, and that such purpose was known to all the bank officials and consented to by them. If we are correct in this finding of fact, it leaves no dispute of law between the parties.

1034

■ II. The final fact in the record is that, though the administrator received the check after banking hours on Saturday evening January 9, yet the bank closed its doors before the check was presented for payment. It is one of the contentions of appellant that the administrator should be charged with the loss on the ground that it resulted from his own negligence. We know of no rule of law which clothes an insolvent bank with such a grievance. It was in no manner hurt by delay in the presentation. It had the fund in its hands as a trust. That being so, it could not have appropriated the trust to its own uses or to the payment of its own claims. As to whether there was negligence on the part of the check-holder, we do not assume to pass. To meet this issue the administrator shows that inclement weather set in on Sunday; that he lived ten miles in the country; that the roads to his home were rendered impassable; that he himself had been rendered helpless by an attack of heart trouble. This resulted in a delay of four days before the check was presented. The question thus raised might be important as between the maker of the check and the payee thereof. But we see no relevancy to it in the present case. Rowe joins with the administrator in asserting the trust.

III. The appellant filed a motion to strike the amended abstract of the appellee on the ground that the same was filed out of time, and also that the same was unnecessary and repetitious. As an alternative he moved that the costs of such amended abstract be taxed to the appellee. The motion was submitted with the case. The motion to strike is overruled. The motion to tax the cost of such abstract to the appellee is sustained to the extent that one-half of the same will be taxed to the appellee and the remainder of the costs to the appellant.

The order of the district court is affirmed.

CLAUSSEN, C. J., and KINDIG, ALBERT, and DONEGAN, JJ., concur.