W. H. GILLETT, Objector, Appellee, L. A. ANDREW, Superintendent of Banking, Appellant, v. AMERICAN SAVINGS BANK, Appellee.

No. 42493.

JANUARY 8, 1935.

Edward L. O'Connor, Attorney-general, Lehan T. Ryan, Assistant Attorney-general, and Schoenthaler & Lee, for appellant.

Farr & Schroeder, for appellee.

ALBERT, J.—The American Savings Bank of Maquoketa, Iowa, was a banking institution organized under the laws of the state of Iowa. It went into the hands of a receiver on the 3d day of October, 1931, and L. A. Andrew, superintendent of banking, was appointed receiver, in which proceedings W. H. Gillett filed a claim and asked a preference. In the receivership the receiver classified the aforesaid claim as a general depositor's claim and rejected the preference. The claimant filed objections to this classification, and the matter was tried out, and the district court held that this claim should be allowed as a preferred claim against the assets of said bank in the hands of the receiver.

This claim thus asserted by Gillett arose from the following facts: Gillett was the owner of certain real property in the city

of Maquoketa, Iowa. On the 7th day of May, 1931, he entered into a written contract with one I. L. Denlinger, by the terms of which Gillett sold said property to the said Denlinger for a consideration of $1,100. At the same time, Gillett issued a deed of conveyance to the said premises, and it was agreed that a copy of said written agreement was to be deposited with the American Savings Bank of Maquoketa, Iowa, and the second party (Denlinger) was to deposit the purchase price of $1,100 in cash with said bank. On account of certain probate proceedings that could not be completed until the month of February, 1932, the abstract of title could not be completed showing good title until the said estate was closed. The contract then provided:

"Upon the first party so delivering to second party Abstract as above provided, the deed for said premises deposited in said Bank shall be delivered by said bank to the second party, and the funds deposited in said Bank for the purchase price, together with all interest accumulated thereon, shall at that time be delivered to first party."

The deed and contract, together with the purchase price in cash, were delivered to the bank in accordance with the terms of the agreement. The bank thereupon issued the following receipt:

"Received in escrow deed executed by W. H. Gillett referred to in the foregoing agreement, and also hereby acknowledge the receipt of the sum of $1100.00 in trust to be held for the use and benefit of the parties to the foregoing agreement in accordance with the terms and conditions thereof."

There was also at the same time issued a written receipt describing the instruments delivered to the bank and reciting, "To draw these securities this receipt must be surrendered," and concluding with the words:

"The American Savings Bank will give to property left for safekeeping the same care that it does to its own property, but beyond that does not assume responsibility."

At the same time the cashier of the bank drew the following certificate of deposit:

"The American Savings Bank of Maquoketa, Iowa. 72—252

"No. 17764

"Maquoketa, Iowa, May 7, 1931

"THIS CERTIFIES THAT W. H. Gillett has deposited in this , Bank $1100.00 American Savings

Bank 72—252                .                $1100.00 Dol's 00 Cts

payable to order of Self on return of this certificate properly endorsed with interest at 4% per annum if left six months. No interest after one year unless renewed.

"Not subject to check.

"F. W. Gibson, Cashier."

This certificate of deposit was drawn by the cashier and shown to both the vendor and the vendee and was placed with the papers that were in escrow. It is the claim of Gillett that under these circumstances he is entitled to claim return of the $1,100 thus deposited, on the theory that it is a specific deposit made for a special purpose. It is the claim of the receiver that said deposit is nothing more than a general deposit, and hence does not create the trust relation, and that the claimant is not entitled to the return thereof.

The question of whether this was a specific or a general deposit must turn upon the facts and circumstances surrounding the deposit of the same. The question is: What was the agreement of the parties at the time? It has been settled in this state that, in the absence of proof to the contrary, every deposit in a bank is presumed to be general. Officer v. Officer, 120 Iowa 389, 94 N. W. 947, 98 Am. St. Rep. 365. It is also settled that the burden of proof is upon the one asserting the preference. Andrew v. Peoples Sav. Bank of Nevada, 207 Iowa 948, 222 N. W. 8; Leach v. State Sav. Bank, 202 Iowa 97, 209 N. W. 421.

"In determining the real character of a contract, courts will always look to its purpose, rather than to the name given to it by the parties." Hervey v. Rhode Island Locomotive Works, 93 U. S. 664, loc. cit. 672, 23 L. Ed. 1003.

In Andrew v. Security Trust & Savings Bank, 214 Iowa 1199, loc. cit. 1205, 243 N. W. 542, this court said:

"In determining whether a deposit is general or for collection, the court will look to the real intention and purpose of the parties

as revealed by the agreement and the circumstances, by what they did and said at the time, and by their course of business. * * * The determination of the question presented depends upon the intention of the bank and depositor as disclosed by all the facts and circumstances of the transaction, including custom and course of business mutually known and recognized."

It must be conceded, under the record made in this case, that this money was deposited with the bank for a specific purpose. We have so held in Dolph v. Cross, 153 Iowa 289, 133 N. W. 669; Smith v. Sanborn State Bank, 147 Iowa 640, 126 N. W. 779, 30 L. R. A. (N. S.) 517, 140 Am. St. Rep. 336; and Rime v. Andrew, 217 Iowa 1030, 252 N. W. 542. It is apparent from the record in this case that both the vendor and the vendee, and also the bank, knew that this money was deposited for the specific purpose of paying the vendor the purchase price of said land. Such was the holding in the case of Hudspeth v. Union Trust & Savings Bank, 196 Iowa 706, 195 N. W. 378, 31 A. L. R. 466. The bank not only had knowledge of these facts and circumstances, but also recognized the same in the receipt it issued (heretofore set out), where it recites that it "acknowledges the receipt of the sum of $1100.00 in trust to be held for the use and benefit of the parties to the foregoing agreement in accordance with the terms and conditions thereof."

The receiver insists that this rule should not apply, however, because of the fact that the contract provides that, on delivery of the abstract, "the purchase price, together with all interest accumulated thereon, shall at that time be delivered to the vendor", and, further, that the certificate of deposit which was issued, provided for "interest at 4% per annum if left for six months"; and the receiver insists that, because of this provision in the contract and in the certificate of deposit, the same became a general deposit and hence not entitled to preference.

With this contention we cannot agree. The real contract and the intention of all the parties is so apparent on the face of it that we do not think any other conclusion can be reached than that this was a specific deposit. It was so understood by all the parties connected with it, and we do not think that the fact that the certificate of deposit provided for interest under certain conditions, or that the contract provided that the vendor was to have interest, can change the real contract of the parties. In the absence of all

other testimony, the provisions in the contract and the certificate of deposit might be quite persuasive, but not so under the showing in this record.

We think, therefore, under this showing, that the ruling of the district court was correct.—Affirmed.

ANDERSON, C. J., and DONEGAN, PARSONS, and RICHARDS, JJ., concur.