## A. A. BALL & COMPANY v. THE CEDAR VALLEY CREAMERY COMPANY, et al., Defendants, THE UNION BANK OF WILTON, Intervener, Appellant.

**Intervention.** Neither Code, section 2683, giving the right to intervene before trial is begun, nor section 3016, permitting it to one claiming an interest in "attached property;" nor section 3051, providing for it in proceedings "by garnishment on execution," authorizes an intervention after judgment, on the part of one claiming an interest in property about to be sold under an execution issued upon a judgment.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

THURSDAY, MAY 14, 1896.

ON the fifteenth day of March, 1895, appellant filed his petition of intervention, showing as follows: That at the January term, 1895, of said court, the plaintiffs obtained judgment against the defendants in this action; that execution issued thereon; that the same was levied by the sheriff, on or about February 18, of said year, on certain real and personal property described; that by virtue of said levy said chattel property will be offered for sale on the sixteenth day of March, 1895, and said real estate on the twenty-third day of said month; that the intervener is and was, prior to said judgment, the owner of an undivided half of said chattels and real estate. "Wherefore it prays for a hearing in this matter with reference to its said rights, for such protection as its interests demand, and for such orders as will fully protect it, and for costs." The plaintiffs moved to strike said petition of intervention from the files, upon the grounds that the same was not filed in said cause until long after the trial thereof, and after judgment had been

rendered, and because it does not set up any proper or valid ground of intervention. This motion was sustained, from which ruling intervener appeals.—*Affirmed*.

*P. M. Detwiler* and *J. M. Doran* for appellant.

*Jayne & Hoffman* and *C. A. W. Kent* for appellees.

GIVEN, J.—The right to intervene in an action is given, in section 2683 of the Code, "before or after issue has been joined in the cause, and before the trial commences." This petition shows, that this case had gone to judgment, and that execution was issued thereon, before the petition was filed. It is clear, therefore, that the petition could not be filed under this section. Section 3016 provides that persons other than the defendant may, before the sale of attached property, or before the payment to the plaintiff, of the proceeds thereof, or any attached debt, present his petition disputing the validity of the attachment, or stating a claim to the property or money, or to an interest in, or lien on it, under any other attachment or otherwise, and that the petitioner's claim shall be, in a summary manner, investigated. Section 3051 provides, that in proceedings by garnishment on execution, the plaintiff may, if the garnishee is called into court, have the case docketed against him upon his answer to the officer; that issue may be made, and "the proceedings shall be the same as under garnishment on attachment, as near as the nature of the case will allow." This is not a proceeding by attachment, nor by garnishment on execution, and therefore, is not authorized by either of these sections. Appellant cites and relies upon *Edwards v. Cosgro*, 71 Iowa, 297 (32 N. W. Rep. 350). In that action a debtor was garnished on execution. He paid the amount to the

officer, without answering, and Tatlock filed a petition, claiming the money. It was held that the petition was properly filed under said section 3051, that being a proceeding by garnishment under execution. The question here presented was not involved in that case. It is said in that case, as to section 3051: "The effect of this section is to give to third parties, who claim the property or money seized on execution, or by garnishment on execution, the right to intervene and assert their claim at the time and in the manner prescribed by section 3016." It was inaccurate to say that section 3051 applies to property or money seized on execution. It is expressly limited to "proceedings by garnishment on execution." As the question here presented was not involved in that case, this statement, so far as it relates to property or money seized on execution, other than by garnishment, is not controlling. In such a case, as said in *Bank v. Gill*, 50 Iowa, 428: "If the interveners have rights which require protection, they should commence an original action, in the ordinary way, for that purpose." The motion was properly sustained.—AFFIRMED.