W. B. Smith, Appellant, v. The Sanborn State Bank, Appellee.

**Breach of contract:** DAMAGES: MENTAL ANGUISH. Damages for
1   mental anguish growing out of a breach of contract to pay money
    are not recoverable, but generally the damage in such cases is

confined to the sum wrongfully withheld, with interest. The cases in which a recovery may be had for mental anguish because of the breach of a contract are those in which an action for the breach, if the plaintiff so elects, may be brought, sounding in tort.

Banks and banking: SPECIAL DEPOSIT: APPLICATION TO DEBT DUE THE
2 BANK. A bank to which a depositor is owing a matured indebtedness may appropriate a general deposit of the debtor to a discharge of the debt; but it has no such right where a deposit is made for a special purpose or under a special agreement.

*Appeal from O'Brien District Court.*—HON. WILLIAM HUTCHINSON, Judge.

TUESDAY, JUNE 14, 1910.

ACTION at law to recover damages for breach of contract. Verdict directed in favor of defendant. Judgment accordingly, and plaintiff appeals. *Reversed.*

*C. A. Babcock,* for appellant.

No appearance for appellee.

WEAVER, J.—Stated as briefly as practicable, the plaintiff's petition alleges that in October, 1908, he became the owner of a certain check or bill of exchange payable to himself for the sum of $200, and took the paper to the plaintiff bank, and sought to obtain the money thereon. In so doing he expressly informed the officer in charge that he desired to use the money in paying a rent claim of $40 held by said bank for collection and the remainder in defraying the expenses of immediate medical and surgical treatment of his wife, whom he expected to remove to a hospital in the city of St. Paul, in the state of Minnesota, on the following day, and that the money represented by said check was necessary to enable him to do so. Thereupon said bank officer told plaintiff that the safe in which the

funds of the bank were kept had been locked for the night, but that plaintiff could leave the draft as a deposit, together with a check for $43, to cover both the rent claimed and an item of $3 which he was owing the bank, and the remainder could be drawn by him, as the money might be needed in the treatment of his sick wife. On the following day, having given checks to others to an amount which reduced the deposit to $101.50, he called at the bank to obtain the same for the purpose of taking his wife to the hospital, but defendant refused to pay it over, informing him that it had applied the deposit upon a promissory note which it held against him. Upon this showing plaintiff asks to recover judgment for the sum of money so withheld, with interest. In a second count of the petition the same facts are set forth, and it is further alleged that the money represented by said check constituted the only means he had with which to secure the necessary treatment of his sick wife, and that, being poor and without property on which to secure a loan, he was delayed several days in obtaining the necessary assistance to aid him in carrying out his purpose to take his wife to the hospital, and that as a result thereof he was put to great labor and trouble and made to suffer great humiliation, anxiety and distress of mind, for which he asks damages in the sum of $500. The defendant admits the receipt of the check for $200, alleges that it paid therefrom on plaintiff's checks the sum of $98.50, and that it applied and now asserts the right to retain the remainder in payment of a promissory note which it then held against the plaintiff. The evidence fairly tends to sustain the allegations of the petition.

At the close of plaintiff's case defendant moved for a directed verdict in its favor an the grounds: (1) That it is shown without controversy that plaintiff's deposit being an open account subject to check, the bank had the legal right and authority to apply it in payment of plain-

tiff's note. (2) That the law allows no recovery of damages for mental suffering occasioned by breach of contract, and that the damages which plaintiff seeks to recover are too remote, indirect and speculative to sustain a verdict in his favor on the second count of the petition. This motion was sustained by the court, verdict returned as ordered, and judgment for costs entered against plaintiff, who appeals.

Actuated perhaps by the same spirit of saving which led it to violate its agreement with plaintiff to receive and hold the money for his use in the treatment of his sick wife, the appellee has employed no counsel to represent it in this court, and we are therefore deprived of the benefit of a brief in support of the judgment which it obtained below, and there is nothing in the record to equitably incline this court to seek for reasons to sustain it. We may assume perhaps that the appellee's view of the law governing the cause, as well as the view of the trial court thereon, is epitomized in the grounds of the motion for a directed verdict to which we have already called attention.

Referring first to the second proposition of the motion, we are obliged to hold that the damages for which recovery is demanded in the second count of the petition are too remote, and that the trial court correctly held that no case for the jury had been made on this branch of the case. That such damages have been held recoverable

1. BREACH OF CONTRACT: damages: mental anguish.

in certain cases growing out of contract rights and relations must be admitted, but these are to be found almost entirely in that class of contracts upon breach of which the injured party may, if he so elect, bring an action sounding in tort. Familiar examples of this nature are found in cases upholding the recovery of such damages for negligence in the transmission and delivery of telegrams. *Mentzer v. Telegraph Co.,* 93 Iowa, 752; *Cowan v. Telegraph Co.,* 122 Iowa, 379. Of the same character

are certain cases against common carriers. *Brown v. Railroad Co.*, 54 Wis. 342, (11 N. W. 356, 911, 41 Am. Rep., 41); *Sloane v. Railroad Co.* 111 Cal. 668, (44 Pac. 320, 32 L. R. A. 193). But no case has been called to our attention, nor do we think one can be found, which holds that damages are recoverable for mental anguish growing out of the violation of a contract for the payment of money. To so hold would be to open the door to a ruinous flood of litigation. Occasions will arise when it would seem that such a recovery is demanded in the interests of justice, but it is better that the exceptional wrong should sometimes go unrequited than to abrogate a rule which in the vast majority of cases has a salutary effect. Generally speaking, failure to pay or deliver money according to agreement gives rise to no recoverable damages beyond the sum wrongfully withheld with interest during the time payment is delayed. Special circumstances may sometimes justify the recovery of special damages, but these do not include compensation for mental suffering.

As to the first ground of the motion for the directed verdict which is in substance that under the undisputed facts of the case the defendant bank had the right to apply the deposit to the payment of the note, we **2. BANKS AND BANKING: special deposit: application to debt due the bank.** are of the opinion that it can not be sustained, and that the trial court erred in directing a verdict against plaintiff thereon. Of the general rule that a bank to whom a depositor is owing a matured indebtedness may appropriate the general deposit of its debtor to the discharge of the obligation there can be no doubt. *Ætna Bank v. Fourth Nat. Bank,* 46 N. Y. 82, (7 Am. Rep. 314); *Knapp v. Cowell,* 77 Iowa, 528. But it is no less certain that a deposit made for a special purpose or under a special agreement can not rightfully be so appropriated. *Wilson v. Dawson,* 52 Ind. 513; *Strauss v. Bank,* 36 Hun (N. Y.) 451; *Strauss v. Bank,* 122 N. Y. 379, (25 N. E. 372); *Judy v. Bank,* 81 Mo.

404; *Bank v. Macalester,* 9 Pa. 475; *Bank v. Bangs,* 84 Ky. 135 (4 Am. St. Rep. 197). Indeed, the proposition that a bank enjoys no exemption from the general rule by which every party to a business transaction or agreement is legally bound to respect the obligation of his contract is one which ought to require neither argument nor citation of authority. The evidence shows without dispute that the check for $200 was placed with the defendant upon the express agreement and understanding that, after paying certain specifically named debts, the remainder would be repaid to the plaintiff on the following day, or whenever called for to enable him to take his wife to the hospital for needed treatment. Upon money so received, no lien attached in favor of the bank, and its attempt to appropriate the same was wholly without right or authority. Upon such a record plaintiff was clearly entitled to recover.

It follows that the direction of a verdict in defendant's favor upon the first count of the petition can not be sustained, and the judgment of the trial court is therefore *reversed.*