FRANK E. DOLPH, ·Plaintiff, v. JAMES E. CROSS, Defendant, SHENANDOAH NATIONAL BANK, Garnishee and Appellees, R. E. ANDERSON, Intervener and Appellant.

**Garnishment:** INTERVENTION. A third person claiming a garnished
1  fund may intervene in the garnishment proceeding and assert his right thereto, even after judgment has been entered in the principal action in aid of which the garnishment was made.

**Same:** ANSWER OF GARNISHEE. It is not only the right but the duty
2  of a garnishee to disclose all the facts within his knowledge bearing upon the ownership of the garnished funds.

**Same:** SPECIAL BANK DEPOSITS: PRIORITY OF RIGHT THERETO. Where
3  a bank deposit is made for the purpose of meeting checks already drawn against the same and the bank officials are so informed, it becomes a special deposit, to which the check holders for whose benefit it was made, have a superior right to that of a garnishing creditor of the depositor; as a deposit of that nature does not make the bank merely a debtor of the depositor.

*Appeal from Shenandoah Superior Court.*—HON. GEORGE H. CASTLE, Judge.

THURSDAY, DECEMBER 14, ·1911.

THIS is a garnishment proceeding under execution. The execution plaintiff sought to reach a fund in the bank to the credit of the defendant, and garnished, the bank. The intervener appeared and claimed a part of the fund. The garnishee paid the money into court. The petition of intervention was struck from the files upon motion of the plaintiff and a judgment entered for plaintiff condemning the fund. The intervener appeals.—*Reversed.*

*Jennings & Mattox,* for appellant.

*E. R. Ferguson* and *C. R. Barnes,* for appellee, Frank E. Dolph.

EVANS, J.—The plaintiff was the holder of a judgment against the defendant entered in the superior court of Shenandoah. On July 5, 1910, he caused an execution to issue and to be served by garnishment of the Shenandoah National Bank. Return of the execution was made on September 9, 1910. The return stated that the execution was served "by garnishing said bank and taking answer to same in which they claim that they hold $132.52." The following answers of garnishee were attached to the return: "A. First. Are you in any manner indebted to the defendant in this suit, or do you owe money or property which is not yet due? If so, state particulars. Answer. $132.52. Second. Have you in your possession, or under your control, any property, rights, or credits of the defendant? If so, what is the value of the same, and state all particulars. Answer. No." On September 17th the garnishee bank filed an amendment to its answer as garnishee and paid the money into court. Such amendment contained the following particulars: "That before noon of the 5th day of July, 1910, the defendant, James E. Cross, above named, deposited in the said bank the sum of $132.52, and at the time of making said deposit stated to the officer or clerk of said bank to whom he handed said money to be deposited for him that he made the deposit for the purpose of meeting checks which he had already issued as against such deposit, and that the deposit was made to take care of said checks, and thereupon the said funds were so taken and received by said bank and placed to the credit of the said James E. Cross. That later, to wit, about the opening of the bank on July 6, 1910, the intervener, R. E. Anderson, presented his check for the sum of $40.73, dated July 5, 1910, and made by the defendant, James E. Cross, to the said intervener, R. E.

Anderson, and the same would have been paid by this garnishee, but that, previous to the same being presented, it had been garnished on execution issued in the above-entitled cause of *Dolph v. Cross,* and by reason of such garnishment was unable to take up said check, but reports the same now to this court, that this court may determine whether the plaintiff or said intervener is entitled to the amount of said check." On July 22, 1910, the intervener filed a petition of intervention. He averred therein that on July 5, 1910, he sold to the defendant a tierce of lard, and received from him a check in payment therefor on the Shenandoah National Bank, and that afterwards the "defendant, James E. Cross, deposited in the Shenandoah National Bank funds to meet said check about noon on the said date of July 5, 1910, and, upon making said deposit, informed said bank that the funds so deposited were deposited to meet the payment of checks he had already drawn." He also averred that the deposit was made as a special deposit to meet the intervener's check, and another which defendant had issued, and that his right thereto was superior to that of garnishing plaintiff.

To the amended answer of the garnishee, the plaintiff pleaded that the garnishee was estopped by its original answer from pleading the matter in the amendment. The plaintiff also filed a motion to strike the petition of intervention on the following grounds: (1) That the said petition was not filed in said cause until after the trial thereof, and after judgment had been rendered. (2) That the same does not set up any proper or valid ground of intervention.

Plaintiff also filed a motion for judgment on the following grounds: "(1) That the answer of the garnishee and the amendment thereto state no defense or reason why this amount should not be paid to the said plaintiff. (2) That the answer of the said garnishee and the amendment thereto show on their face that the said garnishee is in-

debted to the defendant, James E. Cross, in the sum of
$132.52. That the said debt is the property of the said
James E. Cross, and the property of no other person, and
that there is no reason why judgment should not be ren-
dered against the garnishee in the said amount, and the
same applied to satisfy plaintiff's judgment *pro tanto*
against the said James E. Cross." The trial court sustained
the motion to strike and the motion for judgment, and
entered judgment for plaintiff as heretofore indicated. The
case therefore turns wholly upon the propriety of the pro-
cedure, and upon the sufficiency of the facts pleaded to
entitle the intervener to relief.

I. The first question presented for our consideration
is one of procedure. Was the intervener entitled to inter-
vene in the garnishment proceeding to set up therein his
1. GARNISHMENT: claim for the fund sought to be reached by
intervention. garnishment? It is argued by appellee that
no such right exists where the garnishment is under exe-
cution. It is also argued that there can be no right of
intervention after a judgment has been entered. This posi-
tion can not be sustained. The intervention had nothing
to do with the merits of the main case. It had to do with
the garnishment proceeding only. This proceeding is in
its nature auxiliary to the execution. Sections 3935 to
3953, which constitute chapter 2 of title 19, deal with the
subject of garnishment as related to attachment proceedings.
The following chapter deals with the subject of executions,
and contains the following:

Sec. 3975. Garnishment. Property of the defendant
in the possession of another, or debts due him, may be
reached by garnishment.

Sec. 3976. Proceedings by garnishment on execution
shall not be affected by its expiration or its return. Where
parties have been garnished under it, the officer shall re-
turn to the next term thereafter a copy of the execution
with all his doings thereon, so far as they relate to the
garnishments, and the clerk shall docket an action thereon

without fee, and thereafter the proceedings *shall conform to proceedings in garnishment under attachments as nearly as may be.*

Section 3953 provides: "An appeal lies in all garnishment cases at the instance of the plaintiff, the defendant, the garnishee or an intervener claiming the money or property."

It is manifest from the foregoing that the statute provides an opportunity for issue as to the respective rights of claimants to a garnished fund. It was so held expressly in *Edwards v. Cosgro,* 71 Iowa, 296. Appellee urges that it was held otherwise in *Ball v. Creamery Co.,* 98 Iowa, 184. An examination of that case does not sustain the contention. That case did not involve a garnishment proceeding at all. An execution was levied, not by garnishment, but by the seizure of property. It was held that the garnishment statute did not apply, and that there was no pending proceeding in which an intervention could be had. We hold, therefore, in this case that the intervener presented his claim by proper procedure.

We may say, also, in this connection that there was nothing in the original answer of the garnishee bank that was inconsistent with the particulars detailed in the form of an amendment to its answer. It was the duty, as well as the right, of the garnishee to disclose all facts within its knowledge bearing upon the ownership of the funds sought to be reached. *Seymour v. Aultman,* 109 Iowa, 297.

2. SAME: answer of garnishee.

II. Upon the facts appearing in the pleadings, was the right of the intervener superior to that of the garnishing creditor? We think this question must be answered in the affirmative. The facts pleaded show that the execution defendant made the deposit for the specific purpose of meeting the checks which he had just issued, and this fact was made known to the bank officials at the time of the deposit. The

3. SAME: special bank deposits: priority of right thereto.

form of the bookkeeping was not controlling. That was a mere matter of convenience. The bank officials understood that they received this money for the express purpose of paying checks already issued for that exact amount. Whether the facts pleaded show an equitable assignment to the check holders we need not determine. The deposit was special, and not general. It was made for the benefit of the particular check holders. The bank received it as such. It is enough to say that the contract of deposit was made for the benefit of third parties, and that such third parties were entitled to avail themselves of it. If the bank itself had been a creditor of the depositor, it could not have applied such deposit upon its own claim. We see no reason for holding that the right of a garnishing creditor could rise any higher than that of the bank itself if it were a creditor. The appellee relies upon the Negotiable Instruments Act, which provides that "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." Code Supplement, 3060-a189. This section does not cover the situation here presented. The intervener is not relying upon the "check of itself." He bases his claim, not only upon the check, but upon the further fact that a special deposit was made to meet this very check after the issuance thereof. The bank, having received the deposit for such specific purpose, was bound by the conditions imposed. The recent case of *Smith v. Sanborn State Bank,* 147 Iowa, 640, presents a situation where a depositor made a special deposit to his own credit for the purpose of checking thereon in payment of certain contemplated hospital expenses for the benefit of his wife. The bank as a creditor of depositor applied the deposit upon the past-due note of the depositor. We held that such application was a breach of the contract and a misappropriation of the fund. Somewhat in point also are

the cases of *What Cheer Savings Bank v. Mowery,* 149 Iowa, 114; also, *Hove v. Stanhope State Bank,* 138 Iowa, 39.

We reach the conclusion that the deposit in question was special, and not general, and that it did not create the mere relation of debtor and creditor between the bank and the depositor in the ordinary sense, and that the right of the check holders, for whose benefit it was deposited, was superior to that of the garnishing creditor, and that the claim of the intervener thereto to the amount of his check should have been sustained.

The judgment below must therefore be *reversed.*