W. A. HANBY, Appellee, v. FIRST SAVINGS BANK OF SPRING HILL, Appellant.

**BANKS AND BANKING:** Deposits—Title to and Disposition of De-
1  posits. A special deposit, or one made with notice to the bank of its trust character, cannot be applied by the bank to the matured debt of the depositor to the bank. This is true notwithstanding the rule that a *general* deposit made by the debtor may lawfully be appropriated in payment of the debt.

**EVIDENCE:** Materiality—Proof of Custom. Proof of the custom of
2  a bank in handling special deposits, introduced for the purpose of corroborating the testimony of the cashier that he had received no oral direction from the depositor, at the time of the deposit, as to the disposition of said deposit, is inadmissible to contradict the positive testimony of the depositor that it was made as a special deposit, with a trust character.

*Appeal from Warren District Court.*—LORIN N. HAYS, Judge.

FEBRUARY 5, 1924.

Action at law by plaintiff, to recover from the defendant bank the sum of $2,049, with interest, predicated on the claim that the defendant wrongfully converted the amount from the account of one Leo Foust, who deposited said moneys with the bank as a special deposit in favor of the plaintiff. Cause tried to a jury, which returned a verdict in favor of the plaintiff, and judgment was entered in conformity thereto. Defendant appeals.—*Affirmed.*

*A. V. Proudfoot,* for appellant.

*J. O. Watson,* for appellee.

DE GRAFF, J.—The record discloses that one Leo Foust purchased certain cattle in the fall of 1919 from the plaintiff Hanby, and executed and delivered in consideration therefor a note and a chattel mortgage on the cattle. On February 2, 1920, Foust sold the cattle to one Harry Bookey for the sum of $3,583.70, and received a check from the vendee in payment thereof,

1. BANKS AND
BANKING: de-
posits: title to
and disposition
of deposits.

which check was deposited with the defendant bank shortly
thereafter. On February 9, 1920, Foust delivered his check to
the plaintiff for the debt owing the plaintiff, which was deposited
February 10, 1920, with the Peoples Trust & Savings Bank of
Indianola, which bank gave plaintiff credit thereon. In due
course of business the check was remitted to the bank's cor-
respondent in Des Moines, and received by the defendant bank
February 14, 1920. Payment was refused for want of funds,
and the check was protested. Leo Foust was indebted to the
defendant bank on two notes aggregating about $1,100, which,
together with an overdraft, was sufficient to make his indebted-
ness to the bank amount to $2,049, had the Bookey check been
listed separately and treated as a special deposit in favor of the
plaintiff.

The material testimony concerning the character of the de-
posit is in dispute. Foust testifies that, when he deposited the
cattle check, he told the cashier of the defendant bank that he
wanted to leave the check and have it listed separately from his
account at the bank, as a certain amount of it belonged to
Hanby, but the exact amount he did not know. He also testi-
fies that the cashier asked him whether or not he had been sell-
ing some cattle, to which he replied, "Yes," and that the cash-
ier then inquired, "Are they the cattle that Mr. Hanby had a
mortgage on?" to which Foust again replied, "Yes." The
cashier testified that he did not remember such a conversation,
and denied that there was such a conversation. Plaintiff testi-
fied that, on February 11, 1920, he met the cashier at a land
sale, and told him of the receipt of the check the day before
from Foust, and asked the cashier if the money was in the bank,
to which the cashier replied that Foust had left the money, and
that he (cashier) would take care of it. The cashier states that
he does not remember this conversation. Prior to the time that
the bank refused payment of the Hanby check, the indebtedness
owing by Foust to the bank had been charged off by the bank
from Foust's account, and other checks drawn by Foust had
been paid by the bank from this account.

The verdict of the jury must have been based on the testi-
mony of Foust, and it is evident that the jury believed his testi-
mony. If, at the time the deposit was made, the cashier of the

defendant bank was directed to list the deposit separately, and for the reason that the money belonged to the plaintiff, and was deposited for and on behalf of the plaintiff, a special deposit resulted, and a trust relationship was brought into being. Plaintiff had the burden to prove notice to the bank of the interest claimed by him in the funds deposited. The sufficiency of the evidence is for the jury, and, as indicated, there is a conflict in the evidence on this issue.

A bank to whom a depositor is owing a matured indebtedness may appropriate the general deposit of its debtor to the discharge of the obligation. With this rule there is no quarrel. It is no less certain that a deposit made for a special purpose or under a special agreement or with knowledge or notice on the part of the bank of its trust character cannot lawfully be so appropriated. Our own views on this proposition have been frequently expressed before. *Thomas v. Exchange Bank,* 99 Iowa 202; *Smith v. Des Moines Nat. Bank,* 107 Iowa 620; *Smith v. Sanborn St. Bank,* 147 Iowa 640; *Dolph v. Cross,* 153 Iowa 289; *Porter Auto Co. v. First Nat. Bank,* 185 Iowa 844.

When a person has money which in equity and good conscience belongs to another, and it can be traced into the hands of such person, who has neither paid a valuable consideration therefor nor changed his relation to the person from whom the fund was received, so as to give rights to any equitable defense against the claims of the true owner of such fund, the latter should recover, when it is shown that he who claims it against the true owner has notice of the trust character of the fund so received or appropriated.

In the instant case, complaint is made of the ruling of the trial court in excluding testimony sought to be elicited from one of the officials of the defendant bank as to the custom of bank officials in handling special deposits. There is

2. EVIDENCE: materiality: proof of custom.

no error here. It is quite apparent that this testimony was offered as corroboration of the cashier of the bank that no oral direction had been received by him from the depositor at the time the fund was deposited. Proof of custom would be wholly immaterial to contradict the positive testimony of witness Foust that he directed the cashier to list the deposit separately, nor would it tend to corrobo-

rate the testimony of the cashier that he did not remember such conversation, or his denial of such conversation.

In conclusion it may be said that the appellant herein does not set out in his brief any assignment of error, and his fifteen points or propositions are mere statements of legal principle. Error relied upon must be pointed out. This court is entitled to know without searching the record whether there is something upon which error may be predicated. *Holt v. Doty,* 193 Iowa 582. The primary proposition as argued by appellant involves the sufficiency of the evidence to sustain the verdict. To this we have made answer. The exceptions to the instructions recite no specific ground on which the objections are based, and the brief points noted by appellant are quite silent in this particular. Under the rules of this court, appellant is not entitled to have any errors considered; but we are satisfied, upon a review of the record, that it does not contain reversible error.

Wherefore the judgment entered is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.