FRED J. PETERSON, Receiver of the Peoples Monthly Company, Appellant, v. CENTRAL NATIONAL BANK & TRUST COMPANY, Appellee.

No. 42626.

MARCH 5, 1935.

Hiram S. Hunn, C. Glenn Garten and Guy S. Calkins, for appellant.

Parrish, Cohen, Guthrie & Watters and J. L. Parrish, for appellee.

RICHARDS, J.—Appellant receiver, as plaintiff, brought this action in equity against the appellee bank as defendant. The sub-

stance of appellant's petition is: That he is the receiver of People's Monthly Company, a corporation, his appointment having been made on August 19, 1931, by the Polk county district court; that appellee is a national banking institution organized under the laws of United States; that said People's Monthly Company, hereinafter also referred to as the company, on and prior to May 11, 1931, from time to time, made deposits of money in appellee bank, and made various withdrawals from said deposit; that the balance of said deposit, in favor of the company, on May 11, 1931, was approximately $12,000, of which amount $4,950 was in a special account and especially set aside for contest prizes offered by the company; that appellee was notified of such special purpose of said special account; that appellee refuses to pay to appellant the said balance of money deposited by the company, for which amount, with interest and costs, appellant prayed for judgment against appellee.

Appellee's answer, as amended, admitted appellant's allegations as to his being receiver of the company, a corporation, and admitted that appellee is a national bank, and that on and prior to May 11, 1931, said company had two deposit accounts with appellee bank, aggregating on May 11, 1931, the sum of $10,498.94, one account being designated "regular" account, amounting to $5,548.94, and one designated "special" account, amounting to $4,950. The answer admitted appellee's refusal to pay appellant said deposits, and alleged that on May 11, 1931, the company being insolvent and indebted to appellee in the sum of $21,000 upon a promissory note, the appellee duly appropriated said deposits and applied the same toward the payment of the debt evidenced by said note. The answer denies all allegations of the petition not expressly admitted. By way of offset and counterclaim appellee sets out the $21,000 note above mentioned, and prays that the indebtedness of the company to appellee on said note be offset in so far as the same is necessary against said deposits if it should appear that said deposits or either of them were improperly applied toward the payment of said note. There was no reply or other pleading filed.

The parties concede that, on May 11, 1931, there were in appellee bank two deposit accounts appearing on the books of the bank to the credit of the People's Monthly Company, one being for $5,548.94, and the other being for $4,950. For reversal, appel-

lant contends the lower court erred in dismissing appellant's peti-
tion, because each of these deposits was a trust fund for the benefit
of certain persons and deposited for their benefit, with the knowl-
edge of and acquiescence by the appellee, and that appellee was
without right to appropriate either of said deposits, on account
thereof.

Because, if sound, it would dispose of this appeal, as to
the $5,548.94 deposit, we first consider appellee's proposition that
appellant has not alleged in his pleadings the issue raised by him
on this appeal and for that reason this issue cannot be considered.
The specific thing urged by appellee is that nowhere appears in
appellant's pleadings any allegation or issue that the bank deposits
constituted trust funds. It must be admitted that such is in fact the
status of the pleadings, except appellant's allegation as to the
$4,950 being a special account. The substance of all pleadings is
above set out. Neither in his petition, nor in any reply to appellee's
defense of appropriation of the deposits, did appellant plead the
issue mentioned as to the $5,548.94 deposit account. The alleged
trust character of the deposits was affirmative matter appellant
should have pleaded and proved, if he relied thereon. Hanby v.
First Sav. Bank, 197 Iowa 150, 197 N. W. 51. Appellee cites
Tapper v. Washington Refining Co., 192 Iowa 253, 181 N. W. 664,
670, in which this court said, "plaintiff must stand or fall upon
the case as it is made by the pleadings". It is our opinion that the
Tapper case, and others that might be cited, would have supported
objections to the introduction of evidence, establishing any trust
character of the $5,548.94 deposit, because of appellant's failure
to plead that issue. However, there is no record of any objection
by appellee in the district court, nor of any other attack on account
of the issue in question not being pleaded by appellant.

Following Messenger v. Messenger, 188 Iowa 367, 176
N. W. 260, and Newhall Sav. Bank v. Buck, 197 Iowa 732, 197
N. W. 986, it is our opinion that the record discloses that the
parties tried, as a volunteer issue, without raising any question
as to the scope of the pleadings, or the admissibility of the testi-
mony, the question of the trust character of both the deposit ac-
counts. Appellee's objection to the sufficiency of plaintiff's plead-
ings comes too late for consideration on this appeal.

Appellant's claim that the $5,548.94 deposit was a trust fund
is associated with some alleged transactions between the People's

Monthly Company and some of its creditors, commencing in the fall of 1930. Admittedly, the company was hopelessly insolvent. During the latter part of the year 1930 a survey of the business of the comany was made by a firm of accountants. Commencing in December, 1930, two employees of the accounting firm came into the offices of the company, and remained there until after May 11, 1931. During the period mentioned, these employees of the accounting firm were employed in daily consultation with the officers of the company who were in charge of the business. These consultations covered the subjects of cutting expenses, circulation of the magazine published by the company, the advertising department, and the business to be secured and the various contests for enlarging subscription lists. These employees of the accounting firm also made up reports and figures, concerning which were like consultations. One of these employees testified they controlled the buying, put the company on a budget basis, controlled the financial activities, and conserved the assets so far as possible. For several years prior to 1931 the company carried a deposit account in appellee bank, and in March, 1931, the appellee bank held signature cards which authorized withdrawals from the account of the company upon checks signed by two of five persons. The five persons included four officers of the company and one Taylor, who was one of the mentioned employees of the accounting firm.

The foregoing general situation is recited because it is the claim of appellant that the described contact of the accounting firm and their employees with the business of the People's Monthly Company was provided for as a part of an agreement entered into by the principal creditors of the company at a meeting in Chicago on or about January 3, 1931. Appellant claims that, as a part of this alleged agreement, the creditors agreed, that from and after about January 3, 1931, all receipts of money in operating the business of the company should be a fund from which should be paid the current operating expenses of the business without application of said funds on any then existing indebtedness. Appellant claims that appellee was a party to this agreement, or knew of and acquiesced in the agreement, and consequently was without right on May 11, 1931, to appropriate the deposits for application upon the $21,000 note which evidenced an old debt.

In the nature of the alleged transactions there were abundant sources from which evidence of the facts could have been produced

on the trial of this case, if in fact there was such a creditors' meeting, and if in fact such an agreement was made for application of income on current expenses, and if in fact appellee acquiesced in or had knowledge thereof. In view of which there is an impressive failure of proof on appellant's part. No person present at the alleged January, 1931, creditors' meeting, or at any other such meeting has testified. There is no competent testimony that such meeting or meetings were ever held, nor any competent testimony to establish any agreement as to application of income of the company on current expenses, nor that appellee had knowledge of or participated in any alleged agreement. None of the officers of the company were offered as witnesses to establish any of these alleged transactions with their creditors. To prove the fact of the creditors' meeting and their alleged agreement, appellant relied solely on his own testimony. But he was without any personal knowledge concerning any creditors' meeting or concerning the alleged agreement as to income disbursements, and sufficient and timely objections were made to his proffered hearsay testimony. In our opinion the record fails to establish that there was an agreement of the creditors as claimed by appellant, or that the appellee bank was a party to or had any knowledge of any such alleged agreement. The burden was upon the appellant to establish the alleged trust character of this deposit if he relied thereon, and this burden he has not successfully carried. The decree of the district court was correct as to the $5,548.94 deposit account.

Turning now to the $4,950 deposit, the underlying facts may be stated as follows: The People's Monthly Company, to secure circulation, were using contests involving payment of cash prizes. About the first of May, 1931, some contests were starting, and some were nearing completion. The officers of the company and the employee of the accounting firm estimated that approximately $4,950 was involved in prizes, including prizes about to become payable and those that would become payable over a period of months in the future. These contests had been advertised through the mails by direct mailing, and through advertising in other publications. Because of this manner of the advertising of the contests, and with the Federal postal regulations in mind, the company, and the accounting firm employee, concluded to establish a special account to take care of the payment of the cash prizes. On May 5, 1931, the president of the company and the accounting employee

discussed these facts at a conference with the president of appellee bank, and at this conference the estimated sum of $4,950 was withdrawn from the then deposit account of the company and redeposited in a separate account, to evidence which appellee executed a deposit slip showing "Deposited by People's Monthly Co. Special Account (Contest prize money) Des Moines, Iowa, May 5, 1931", the sum of $4,950.

The transaction described created a contractual relation between the People's Monthly Company and appellee. It seems evident that the intent and effect of the transaction was to confer upon persons entitled to prize money the right, personal to them only, to have and recover from this deposit the amounts to which they might be entitled. There was nothing in the setting up of this deposit that conferred on the company any new or beneficial rights, nothing that can be construed as an agreement of the bank that it would not exercise its right to appropriate the fund, as was the case between the depositor and the bank in Smith v. Sanborn State Bank, 147 Iowa 640, 126 N. W. 779, 30 L. R. A. (N. S.) 517, 140 Am. St. Rep. 336. The bank having agreed, in that case, at the time of the deposit, that the depositor himself would be repaid the deposit the following day to use for his own purposes, it was held the deposit could not be appropriated by the bank and applied on the debt of the depositor, because to so do would be in violation of the bank's agreement. In other words, the transaction we are considering, creating the deposit, effected but one thing, namely, it let in third persons and conferred on them certain priority rights, to the extent of their claims in the deposit. Subject to the rights of said third persons in the deposit, the relation between appellant and appellee as depositor and bank of deposit remained unaffected. The bank did not agree to surrender, but still retained the right to appropriation of the deposit, but at peril of loss to the bank in the event of appropriation of any amount in excess of the portion of the deposit that was unaffected by the rights of third persons entitled to participate in the deposit. Had the deposit been made to secure the payment of say $1,000 to John Doe, no one could question the right of the bank to appropriate the remaining $3,950 for application on a note due the bank from the depositor. The result is we find no substance in the theory of appellant that the transaction of making the $4,950 deposit deprived the appellee of the right to appropriate the interest of the People's Monthly Company in that deposit. That

being the only basis of appellant's claim against appellee, the court below rightly held against the appellant as to his right to recover the $4,950 deposit. It is not necessary to consider appellee's claim to right of offset.

The judgment and decree of the court below is affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, and PARSONS, JJ., concur.