Mrs. Carl Bielen, Appellant, v. Central National Bank & Trust Company, Appellee.

No. 43931.

November 16, 1937.

C. E. Hunn, Hiram S. Hunn, and Alexander Seifert, for appellant.

Parrish, Guthrie, Watters & Colflesh and Maxwell O'Brien, for appellee.

Stiger, J.—In the year 1930, the People's Monthly Company, to increase the circulation of its magazine, was conducting several contests. In November, 1930, it started a contest called "Vote for your favorite radio artist."

The regulations governing this contest required:

"1. Answering the advertisement and sending in a ballot specifying the favorite radio artist;

"2. Obtaining subscriptions to the People's Popular Monthly from five people of at least one year duration and sending the said subscriptions together with the payment thereof to the said company;

"3. Using a form furnished by the said company, inserting the largest number of small 'R's' within a large 'R'."

The first prize for inserting the largest number of small "R's" within the large "R" was $2,000. The rules of the contest material to this appeal are:

"Rule 2. First prize will be given to the person who writes by hand the largest number of capital R's in a big R about 2⅝ inches high which will be sent all who qualify. Second prize will go to the person placing the second largest number of R's in the big R and so on until twenty prizes have been awarded.

"Rule 3. Use either pen or pencil. Each R must actually be made by hand with a pen or pencil.

"Capital R's touching the outside lines of the big R or overlapping or touching each other will not be counted. The R's need not be perfect in shape but must be complete in form. Neatness will not count. The R's may be made as small as you like just so they conform to this rule.

"Rule 6. Three well-known Des Moines business men, not connected with People's Popular Monthly, will act as final judges. Their duties will be to check the R's submitted, verify the counting and see that the awards are justly made. Everyone entering agrees to accept as final and conclusive their decision. This is understood when you submit your big R.

"Rule 7. All big R's must be mailed and postmarked before May 31, 1931."

The plaintiff, a resident of Springfield, Minnesota, complied with regulations 1 and 2, and by doing so she became qualified to participate in the contest . The company sent her a form to be used by all contestants containing the design of a large "R". Plaintiff claims she inserted 2,524 small "R's" in the design and mailed the form to the company May 19, 1931.

In 1930, the company was insolvent and pursuant to an agreement between the company and its general creditors, Fred

J. Peterson was appointed conservator of its affairs. On May 5, 1931, the conservator and officers of the company and the president of the defendant bank agreed that the sum of $4,950 should be placed in a special fund to insure payment to the winners in the several pending contests, and said sum was transferred from the general account of the company in the bank to a separate account designated as "People's Monthly Company special account (contest prize money)", leaving $5,548.94 in the general account.

On May 11, 1931, the bank applied all the funds in the general and special accounts on its note of the company. By the appropriation of this fund by the bank there were no funds left in the bank to the account of the People's Monthly Company when plaintiff mailed her form to the company on May 19th.

On May 18, 1931, the defendant bank as trustee, foreclosed the trust deed and the same day a receiver was appointed for the trust property and thereupon the company suspended publication of its magazine and nothing further was done in regard to pending contests.

On August 22, Mr. Peterson was appointed general receiver of the company. He brought suit against the defendant bank to recover the sum of $4,950, the amount of the special account for contest winners. On appeal, this court, in the case of Peterson v. Central National Bank and Trust Co., 219 Iowa 699, 259 N. W. 199, denied the claim of the plaintiff and held that the bank had the right to appropriate the deposit subject to the rights of contestants entitled to participate in the deposit.

As above stated, the plaintiff mailed the form to the company on May 19th. On June 8, 1931, the envelope containing the form was returned to plaintiff with the stamped notation: "Out of business. Mail unclaimed."

The plaintiff filed her claim in the general receivership. The trial court found, and the record fully sustains the finding, that the claim was not filed within the time prescribed for filing claims. The receivership was closed April 20, 1935, and no allowance was made of plaintiff's claim.

The plaintiff alleged in her petition, that the special account was a special deposit and that the opinion in the case of Peterson v. Central National Bank and Trust Co., 219 Iowa 699, holds that the right to participate in the special deposit trust fund of $4,950.00 vested in prize contest *claimants* which in-

cluded the plaintiff; that the claim of the plaintiff for the first prize money was the only prize claimed in the receivership proceeding. The plaintiff also states:

"The plaintiff was duly awarded the 149,980 credits, as hereinbefore alleged, by the publishing company, but she is not advised as to whether there was a final award made or whether she was adjudged to be the winner or by whom said award was made or the date thereof. She alleges, however, she fully complied with all the requirements of the said contest and that she is the winner of and entitled to the first prize and has more adequately than anyone else complied with the requirements of the prize contest in doing the acts which have been hereinbefore alleged and specified.

"The plaintiff has a first and paramount interest in the funds specially deposited with the defendant bank as she is the sole beneficiary to the extent of her prize of the trust impressed upon the said funds when the same were placed in the hands of the defendant bank and therefore she is entitled to the first prize of the contest hereinbefore referred to and to be paid the said prize in the sum of $2,000.00 with interest, from the funds in the hands of the defendant belonging to the People's Monthly Company and/or Conservator thereof, and especially impressed with the trust for the benefit of the plaintiff. The Receivership of the People's Monthly Company has been concluded and there have been no payments made to the plaintiff on her demands. The plaintiff has a first and *prior lien* upon the funds in the hands of the defendant by way of special deposit for the payment of contest prizes as aforesaid and on account of the facts hereinbefore alleged, and is entitled to have her lien enforced upon the said money and account in the defendant bank and to be paid therefrom by the defendant the amount of the first prize in the sum of $2,000.00 together with interest thereon at 6% from and after May 31, 1931, which was the last day of the contest as hereinbefore referred to."

Defendant in its answer denies that the account was a special deposit; states that the general receiver made his final report in the receivership proceeding and did not allow the claim of the plaintiff in any amount; that the plaintiff did not properly or legally file her alleged claim in the general receivership proceeding as required by law and the orders of the court;

that the receiver has been fully discharged and the action terminated. The answer further states:

"That at the time the People's Monthly Company was placed in general receivership this plaintiff had not been awarded any prize or been adjudged the winner of any prize, or prize contest, conducted by the said People's Monthly Company; and the said plaintiff has never been determined to have been the winner of any prize or prize contest and has not been awarded any prize by a board of judges appointed to determine the winner, according to the rules of the prize contest referred to in the plaintiff's amended and substituted petition.

"That there has never been an award of said prize or determination of the winner of said prize contest and this plaintiff is not entitled to recover as a winner thereof. That said contest was not completed, but was terminated and annulled. That the said receiver failed and refused to carry out the provisions of the said prize contest and to determine the winner thereof, according to the rules published by the People's Monthly Company under which said contest was held; that there was never an award made or a prize given in said contest to any person.

"That the plaintiff has been guilty of laches in that she has failed to properly and legally file her claim in the receivership proceeding and to have the same allowed or passed upon by the said receiver. She is also guilty of laches in that she has not attempted to enforce her alleged right as a prize contest winner, but has slept upon her rights for more than five years without taking proper action to enforce any alleged rights that she might have to an award or to the recovery of the alleged prize money."

The answer also pleaded the statute of limitations and further alleged that the defendant had lawfully applied the money in the accounts to the indebtedness of the company and there was no fund in the defendant bank upon which to impress a trust.

The trial court held that the special account did not create a trust for the benefit of the plaintiff who was a mere claimant; that the judges were not appointed in compliance with Rule 6 and no decision was ever made awarding a prize to the plaintiff or any other claimant; that the plaintiff did not file her

claim until after November 16, 1931; that the receiver was discharged April 20, 1930, and the receivership closed; that the plaintiff had no right or claim against the defendant and dismissed plaintiff's petition.

The plaintiff's position is that she is entitled to a judgment for $2,000 against the defendant because she is the *winner of the first prize in the contest.* She testifies that she was familiar with the rules and claims she fully complied with them. It is conceded that neither the magazine company nor the receiver appointed three judges to determine the winner in compliance with rule 6; that there were thousands of contestants and no determination of the winner under the provisions of the contest contract has ever been made. Appellant, excepting the filing of her claim in the receivership after the expiration of the time for filing claims, made no effort to enforce her rights under the contest contract against the company or the receiver.

Plaintiff entered into a contest contract with the magazine company, not with the bank. Her contention is that by complying with regulations 1 and 2 and mailing the forms to the company on May 19, she had made full performance on her part; that no other persons presented a claim to the company or receivership for the prize and having done all that she was required to do under the contract, she automatically became the winner. She further states in her argument:

"It was unfortunate that the jury was not appointed and unfortunate also that the jury award was not made but inasmuch as Mrs. Bielen did everything she was required to do and the Magazine Company failed on its part does not mean that Mrs. Bielen, as a matter of contract with the Magazine Company, is not entitled to participate as a prize winner in the special deposit fund. The burden was upon the People's Monthly Company, not this appellant, to appoint the judges. For all the purposes of this record Mrs. Bielen automatically became THE PRIZE WINNER when she fulfilled the requirements of the contest. No other competitor challenged her claim as the first prize winner. It is not for the Appellee to say she failed to fairly win the first prize, only another competitor could make that claim. The offer, once made by the Magazine Company and not revoked, when fully accepted by Mrs. Bielen by compliance with the requirements, made a binding contract

which the Appellee is bound under the decision in the Peterson case to respect and pay. That she is the prize winner because: 1st, she complied with all the requirements and, 2nd, she is the only one of the competitors in the contest who asserts any claim here or who asserted any claim on this contest in the receivership proceedings. No other contest competitor in this contest filed any claim in the receivership.''

■■■ It is obvious that appellant misconceives her rights under the contract. She agreed in entering the contest that there were to be appointed three judges by the company and that their decision would determine the winner and be final and conclusive on all contestants. Only the judges so appointed could make a valid award of prizes. Appellant relied on the company to carry out its part of the agreement but because of insolvency it ceased doing business on May 18, 1931. The company failed to perform its part of the contract. The defendant was not a party to the contest contract and cannot be held responsible for the default of the company. Whatever claim or right plaintiff had under the contract was against the company or the general receiver. Her right to a prize is measured by the terms of the contract. She had no right of recovery unless the prize was awarded to her by the judges selected according to the contract. Thus only could she become a prize winner and entitled to participate in the deposit.

The extent of the liability of the defendant to contestants in the company's contests is defined in the case of Peterson v. Central Nat. Bank and Tr. Co., 219 Iowa 699, 259 N. W. 199. In that case the nature of the same special account, the rights of the general receiver of the magazine company and contestants to the fund, and the rights and liabilities of the defendant bank relative to the account were considered. The court held that the receiver did not have a right to recover the fund from the bank; that:

''It seems evident that the intent and effect of the transaction was to confer upon persons entitled to *prize money* the right, personal to them only, to have and recover from this deposit the amounts to which they might be entitled. * * * The bank did not agree to surrender, but still retained the right to appropriation of the deposit, but at peril of loss to the bank in the event of appropriation of any amount in excess of the

portion of the deposit that was unaffected by the rights of third persons entitled to participate in the deposit."

The opinion limits the liability of the bank to contestants that are *entitled to participate in the deposit,* that is, prize winners. Only contestants who were awarded a prize by the judges under the provisions of the contest contract would be entitled to participate in the deposit. The contractual relationship between the magazine company and defendant growing out of the special account did not in any way modify the contest contract which compasses the rights of the appellant. The Peterson case did not make the defendant liable to mere claimants. Appellant's contention that because she did all that she was required to do by the contract and was the only contestant who presented a claim in the receivership, she automatically became the winner of the first prize, is untenable.

No adjudication was ever made as to which contestant had the largest number of small "R's" in the large "R". Mr. Peterson testified on behalf of the plaintiff that the special account was for prize winners and it was to be drawn out on checks of the company signed by the receiver and a proper officer of the company for the benefit of *prize winners.* As no judges were appointed and no award made, it follows that plaintiff has entirely failed to establish her claim that she won first prize in the contest.

Not being a prize winner she has no cause of action against defendant. Having no demand against the company for prize money until a prize was awarded her by the judges, she would have no greater rights against the defendant bank.

Appellant also contends that in the case of Peterson v. Central Nat. Bank and Trust Co., supra, the court held that the special account in the sum of $4,950 vested in prize contest *claimants* and as she was the only contestant that filed in the receivership she has a paramount lien on the trust fund. Appellant has not accurately analyzed the opinion. The court held that the bank had an absolute right of appropriation under its contract with the company subject to the rights of contestants *entitled to prize* money to participate in the deposit. Obviously, the decision does not hold that the deposit vested in mere *claimants,* or was a trust fund for the benefit of claimants. The opinion clearly holds that subject to the rights of persons entitled

to participate in the deposit "the relation between the appellant (the receiver) and appellee as depositor and bank of deposit remained unaffected." The relationship of debtor and creditor continued and no trust was created.

 Appellant urges that the special account was a "special deposit" for the benefit of the contestants. A "special deposit" is a "delivery of property, securities, or even money to the bank for the purpose of having the same safely kept and the identical thing deposited returned to the depositor. The acceptance of a special deposit imposes no duty on the banker except to keep the deposited article in safety, and the deposit has no effect whatever on the title to the money or thing deposited, but the title remains in the depositor who is a bailor, and not a creditor, of the bank." 7 C. J. page 630, Banks and Banking.

The special account did not change the existing debtor and creditor relationship between the company and defendant.

The case of Peterson v. Bank, supra, disposes of appellant's contention that the special account was a "special deposit" in the following language:

"There was nothing in the setting up of this deposit that conferred on the company any new or beneficial rights, nothing that can be construed as an agreement of the bank that it would not exercise its right to appropriate the fund, as was the case between the depositor and the bank in Smith v. Sanborn State Bank, 147 Iowa 640, 126 N. W. 779, 30 L. R. A. (N. S.) 517, 140 Am. St. Rep. 336. The bank having agreed, in that case, at the time of the deposit, that the depositor himself would be repaid the deposit the following day to use for his own purposes, it was held the deposit could not be appropriated by the bank and applied on the debt of the depositor, because to so do would be in violation of the bank's agreement. In other words, the transaction we are considering, creating the deposit, effected but one thing, namely, it let in third persons and conferred on them certain priority rights, to the extent of their claims in the deposit."

For the reasons given, the case is affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, ANDERSON, DONEGAN, PARSONS, SAGER, and RICHARDS, JJ., concur.