LELAND A. CRIM, Appellee, v. RALPH P. CRIM, Appellant.

**RECEIVERS:** Appointment—Difference of Opinion Between Partners. Pending an action to dissolve a partnership, a receiver of the partnership may very properly be appointed, on a showing that the difference of opinion between the partners is manifesting itself in conduct financially detrimental to the partnership, and that it is reasonably probable that such loss will continue.

*Appeal from Jones District Court.*—F. O. ELLISON, Judge.

DECEMBER 15, 1922.

ACTION in equity for the appointment of a receiver for a farm partnership pending an action to dissolve the partnership and for accounting. The trial court granted the prayer of the petition and appointed a receiver. Defendant appeals.—*Affirmed.*

*J. J. Locher* and *Remley & Remley,* for appellant.

*George C. Gorman,* for appellee.

DE GRAFF, J.—This appeal presents but one question which

has to do with the exercise of the discretion of a court in appointing a receiver of a farm partnership. The appeal is taken from a preliminary order entered in advance of the final hearing upon the merits of the controversy. The evidence before us was introduced by the plaintiff and upon that record the trial court determined (1) that the plaintiff and defendant constituted a partnership in the management of a 680-acre farm (2) that the partnership property is subject to waste and injury and upon these findings appointed a receiver.

This court is slow to interfere with a preliminary order of this character. Furthermore the appointment of a receiver is addressed to the sound legal discretion of the court and is one of the prerogatives of a court of equity exercised in aid of its jurisdiction to effectuate complete justice between the parties litigant. It is auxiliary to the attainment of the ends of justice.

Under our statute a receiver may be appointed upon the petition of a party in interest when he shows that he has a right or interest in any property which is the subject of the controversy and that such property or its rents or profits are in danger of being lost or materially injured or impaired, and if the court is satisfied that the interest of one or both parties will be thereby promoted and the substantial rights of neither unduly infringed it is a proper exercise of discretion to appoint a receiver during the pendency of the action. Code Section 3822.

Upon a review by an appellate court specific rules of law find a minimum of application, as each case must be determined by its particular facts and circumstances. There is little occasion to outline in detail the evidence in the instant case. Plaintiff and defendant are brothers and the sole members of a farm partnership. It is a partnership at will. It is quite apparent that disputes, disagreements and controversies have arisen between them. It is contended, and there is some evidence in support thereof, that the interest of the defendant in the affairs of the business has appreciably diminished; that he absents himself from the farm; that the two brothers are at loggerheads as to methods of operation and the business of the partnership; that certain moneys of the firm on deposit in a bank were unavailable in the payment of firm debts by reason of the action taken on the part of the defendant, and that the plaintiff was

compelled to personally borrow a large sum of money to be used in the business in lieu of the partnership assets. It is also shown that the defendant is desirous of dissolving the partnership. In brief, teamwork and harmony in the management of the enterprise does not exist proximately resulting in the impairment and material injury to the business, and it is natural that under such conditions there will be a continuation· of loss and injury.

There is no denial, explanation or justification of the charges against the defendant by him except in his answer, and no evidence was offered or introduced on behalf of the defense. Sufficient to state that plaintiff made a prima-facie case within the purview of the statute governing the appointment of a receiver preliminary to the trial of the case on its merits.

A mere difference of opinion of partners as to the management of the partnership is in itself not a sufficient warrant for the appointment of a receiver, but if that difference of·opinion manifests itself in acts and conduct detrimental to the partnership thereby causing a present loss with reasonable grounds for belief that further pecuniary injury will ensue, a court is justified in the appointment of a receiver. It may then be said that the interest of one or both parties will be thereby promoted and the substantial rights of neither unduly infringed. This is the case before us. The decision of the trial court is correct and the order entered is therefore—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.