LOUIS HAAS, Trustee, v. JOHN H. CATHEY, Receiver, et al.

(Filed 10 December, 1930.)

**Receivers I a—After order discharging receiver an independent action for misapplication of funds will not lie unless order is vacated.**

> After a receiver for a corporation has turned over all the corporation's assets to a trustee in bankruptcy later duly appointed, and has been discharged by the State court that appointed him, the remedy of the trustee in bankruptcy to recover from the receiver for misapplication of funds is by motion in the cause, and an independent action against the receiver, or others receiving benefits, or the surety on the receiver's bond, will not lie unless an order has been made vacating the discharge of the receiver.

APPEAL by plaintiff from *Oglesby, J.,* at October Term, 1930, of BUNCOMBE. Affirmed.

Plaintiff is the trustee in bankruptcy of the Piedmont Electric Company. The defendant, John H. Cathey, was the receiver of said company, appointed by the judge holding the October Term, 1929, of the Superior Court of Buncombe County, in an action instituted therein prior to the adjudication of said Piedmont Electric Company as a bankrupt, entitled, "Knox Porcelain Company *v.* Piedmont Electric Company." The defendant, Maryland Casualty Company, was the surety on the bond filed by the said John H. Cathey as receiver. This action is to recover of the said John H. Cathey, receiver, and the surety on his bond, and of the other defendants the sum of $5,502.36.

It is alleged in the complaint that the defendant, John H. Cathey, while acting as receiver of the Piedmont Electric Company, misapplied

certain assets of said company, which came into his hands as receiver, and that his codefendants, other than the Maryland Casualty Company, wrongfully and unlawfully received said assets, or the proceeds of the sale of the same, and wrongfully and unlawfully converted the same to their own use, in fraud of the creditors of the said Piedmont Electric Company.

It appears from Exhibit B, attached to the complaint, and made a part thereof, that after the appointment of plaintiff as trustee in bankruptcy of the Piedmont Electric Company, the defendant, John H. Cathey, receiver of said company, filed his report in the Superior Court of Buncombe County, and turned over and delivered to the plaintiff the assets of said company, then in his hands as receiver. Upon the filing of said report, the said John H. Cathey was discharged as receiver of the Piedmont Electric Company. It is not alleged in the complaint, nor does it appear from exhibits attached thereto, that the order discharging the said receiver has been set aside or vacated. This action was begun after leave had first been obtained from the Superior Court of Buncombe County.

From judgment sustaining demurrers filed by defendants, on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action, and on other grounds, plaintiff appealed to the Supreme Court.

*Joseph W. Little and T. W. Lipscombe for plaintiff.*
*Ford, Coxe & Carter for defendants other than Maryland Casualty Company.*
*Merrimon, Adams & Adams for defendant, Maryland Casualty Company.*

PER CURIAM. There is no error in the judgment sustaining the demurrers filed by the defendants in this action. The order of the Superior Court discharging the defendant, John H. Cathey, as receiver of the Piedmont Electric Company, is conclusive. It is not subject to collateral attack by an independent action. It may be set aside and vacated only for fraud or mistake, by a motion in the cause in which he was appointed and discharged as receiver. *Sarratt v. Gaffney Carpet Mfg. Co.,* 77 S. C., 85, 57 S. E., 616. Until thus set aside and vacated, no action to recover on account of his liability as receiver, can be maintained against him or against the surety on his bond as receiver. The liability of the receiver and of the surety on his bond terminated with his official existence. High on Receivers, sec. 268.

The liability of the defendants other than the defendants, the receiver and the surety on his bond, in the instant case, is predicated on his

official liability. It follows that as no cause of action is alleged in the complaint against the receiver, there is no cause of action alleged therein against these defendants.

This action cannot be construed, even under our liberal practice as a motion in the cause, in which the receiver was appointed; it is in fact as well as in form an independent action. It was properly dismissed on the ground that the facts stated in the complaint are not sufficient to constitute a cause of action. We do not discuss the other grounds for demurrer. It is needless to do so, as the judgment dismissing the action must be

Affirmed.