## CREEL v. CREEL.

### No. 5998.

United States Court of Appeals for the District of Columbia.

Argued May 16, 1934.

Decided June 25, 1934.

Rehearing Denied Oct. 12, 1934.

Edwin J. Creel, in pro. per.

Leon Tobriner, Byron U. Graham, Selig C. Brez, and Walter N. Tobriner, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order appointing a receiver of the assets of a partnership engaged in business in the District of Columbia.

The order was entered upon the plaintiff's bill of complaint, the rule to show cause issued thereon, an affidavit in answer to the rule to show cause, and various exhibits.

It is alleged in the bill of complaint that plaintiff and defendant are brothers, and became equal partners in an automotive jobbing and service business; that defendant was interested in the inventive arts and was frequently absent from the business when engaged in affairs relating to his inventions; that by reason of overwork, disappointments, and threatened litigation concerning his inventions from the year 1926 to 1933, defendant became in a highly wrought and nervous state and because thereof became exacting and arbitrary in his conduct relating to the business and frequently threatened to wreck and disrupt it; that in order to pacify defendant an agreement was made between the partners whereby defendant was permitted to absent himself from the conduct of the business for a period of two years, which agreement was further extended for another year, expiring January 1, 1933, and that during all of that time defendant withdrew money from the firm in excess of plaintiff; that upon the expiration of the agreement appellant continued to absent himself from the business, and had not returned thereto nor co-operated with the plaintiff in the conduct thereof, but was hostile and defiant toward plaintiff and neglected his obligations as a partner; that during the period while the agreement was in force, although frequently requested by plaintiff to notify the firm's bookkeeper in respect to amounts withdrawn by defendant, the defendant refused to do so, and plaintiff was without information at any time during the period as to the precise time and amount of defendant's withdrawals, and consequently of the firm's bank balance; that the partnership had also always in the past paid its bills promptly and taken credit for discounts; that at certain seasons of the year it had always been necessary to borrow money from the bank in order to meet current obligations of the partnership; that defendant in January, 1933, without consulting plaintiff, ordered the bookkeeper not to pay January's bills and notified the bank that he would not execute the necessary promissory note representing the loan required; that defendant falsely accused plaintiff of withdrawing a large sum from the business, placing it in a competitor's business, and threatened to bring suit against plaintiff, the competitor, and plaintiff's attorney for $200,000 damages; that plaintiff made every possible effort to reach an amicable settlement with defendant, and offered to permit him to remain away from the business during 1933 if plaintiff were allowed to draw $100 per week for actively managing the affairs thereof, and also offered to sell to defendant his one-half interest, or to purchase defendant's one-half interest in the business, or to entertain a buy or sell offer on behalf of defendant; that defendant consistently ignored all of plaintiff's proposals and refused to come to an amicable adjustment; that the partnership was solvent, but by reason of defendant's persistent lack of co-operation in the management thereof ir-

reconcilable differences had arisen between the partners, making it impossible to conduct the business under present conditions; that the patronage and good will of the firm necessitated a continuance of its business until some disposition could be made thereof. The bill prayed for the appointment of a receiver; for the dissolution of the partnership; for the delivery to the receiver of all assets of the firm; for the conversion of the same into money by and under the direction of the court; and for the application of the proceeds to the payment of the various debts of the partnership, and the division of any balance remaining thereupon between the partners according to their respective interests upon a proper accounting, and for all necessary references to the auditor or special master.

The plaintiff filed as an exhibit to his bill a letter sent to defendant before the beginning of the present suit containing the following offers:

"So that there will be no misunderstanding between us, I desire to state what your brother is willing to do in order to obviate the necessity of dissolution proceedings:

"1. He is perfectly willing to have you resume active participation in the business, provided you devote all of your time and attention to the partnership business and share the profits of same equally with him.

"2. If you do not care to resume active participation in the business, he is willing to permit you to remain away from same during the year 1933, provided that he is allowed to draw $5,200 for his work in conducting the business during the year 1933 on behalf of the partnership, before equal division of profits is made.

"3. Your brother is willing to submit a figure to you at which he will sell his one-half interest or purchase your one-half interest, you to have the option of deciding whether you wish to purchase or sell.

"4. Your brother is willing that you should submit a figure at which you are willing to sell your one-half interest or purchase his one-half interest, he to have the option to decide whether he wants to buy or sell at your figure."

The defendant in his answer and affidavit admitted the existence of the partnership, his absence from Washington on various times in connection with his inventions, his becoming in a highly wrought and nervous state, but denies that he was exacting in his demands and arbitrary in his judgment in the conduct of the business; and states that until the end of the year 1927 there was no friction or unpleasantness whatsoever between the defendant and plaintiff. Defendant admitted that after November, 1927, there were disagreements, arguments, embarrassments, as between defendant and plaintiff, but avers that these were wholly due to plaintiff's refusal to assist defendant during the rush reason in their radio department. He states that the purpose of the agreement permitting defendant to remain away from the business was because defendant designed and planned the business so that he would be enabled to absent himself without interference with the business, and further "that the agreement mentioned was entered into in order to protect the defendant from any complaint on the part of the plaintiff based upon defendant's absence from the business in case plaintiff's attitude and conduct should render defendant's more continuous absence expedient in order to avoid disorganization of the business by reason of quarrelling and dissension." Defendant denies that the agreement, although on its face terminating on January 1, 1933, had expired, and denies that defendant had absented himself from the business, but avers that he had considered it advisable and expedient to be absent from the partnership's place of business during business hours in order to avoid contention in the presence of employees, and that he had gone to the place of business in the evening and had otherwise kept in touch with the affairs of the partnership. He admits that during the three-year period in question he did not notify plaintiff or the bookkeeper with respect to the amount of his personal withdrawals, but alleges that the system of bookkeeping is such that at intervals of one month the precise amount of defendant's withdrawals would be disclosed. He admits that the defendant ordered the bookkeeper not to pay the January bills and that he refused to execute notes for the partnership borrowings, but that he did so in view of plaintiff's threat to place the partnership in receivership. He admits the receipt of various offers from plaintiff for a settlement of their differences as set out in plaintiff's bill of complaint, but alleges that in respect to plaintiff's offer to have defendant resume active participation in the business that it was not made in good faith, because plaintiff was aware that defendant had other substantial interests; that in respect to the offer to permit plaintiff to stay away from the business for another year, this offer likewise was not made in good faith, inasmuch as plaintiff knew that defend-

ant did not wish to remain away from the business. Defendant also states that the mutual buy and sell offers set out by plaintiff in the bill of complaint were not made in good faith. Defendant avers that he has always been willing to co-operate in the management of the business; that the only differences which have arisen between the partners have been due solely to plaintiff's violation of the partnership agreement in respect to the management of the business and the withdrawal of funds; that such differences are in no wise irreconcilable, and that the business can continue to operate profitably under present conditions.

The defendant sets out a history of the financial affairs of the partnership and suggests as alternative to the appointment of a receiver, the appointment of an arbitrator to consult with both partners, or the appointment of Mr. E. Quincy Smith as arbitrator with absolute power of dictation over the actions of both partners, whose decision should be final except as to certain minor reservations, such as withdrawals that may be agreed upon by the partners, in respect to the operation of the business, as to the sale and winding up of the business and as to the distribution of its assets between the partners.

Upon consideration the court appointed E. Quincy Smith, being the same person whom the defendant suggested should be appointed as arbitrator with absolute power of dictation over the actions of both partners, etc., as receiver of the affairs of the partnership, and authorized and directed the receiver, until the further order of the court in the premises, to continue to conduct and operate the business of the partnership and for that purpose to employ all the necessary clerks and employees to conduct the operation of the business, borrow money if necessary for such purpose, the receiver to report to the court within 30 days from the date of the appointment, and that all of the assets and property of the partnership within the jurisdiction of the court as well as all books, records, and papers thereof should be delivered to the receiver after the execution of a bond in that behalf.

The present appeal was thereupon taken by appellant (defendant below) from the foregoing action of the court.

██ We think that the action of the trial justice in appointing a receiver for the partnership was not erroneous. The record, fairly considered, discloses that there are such irreconcilable disagreements and dissensions between the partners in regard to the con-

duct of their affairs as to endanger the partnership good will and property. In such case the court is justified in appointing a receiver for the preservation of the assets and the liquidation of the partnership's affairs. 23 R. C. L. 30.

In Crim v. Crim, 194 Iowa, 1137, 191 N. W. 157, 158, an appeal from an order appointing a preliminary receiver upon an action for the dissolution of a partnership, the court, in affirming the order of appointment, said:

"Plaintiff and defendant are brothers, and the sole members of a farm partnership. It is a partnership at will. It is quite apparent that disputes, disagreements, and controversies have arisen between them. It is contended, and there is some evidence in support thereof, that the interest of the defendant in the affairs of the business has appreciably diminished; that he absents himself from the farm; that the two brothers are at loggerheads as to methods of operation and the business of the partnership; that certain moneys of the firm on deposit in a bank were unavailable in the payment of firm debts by reason of the action taken on the part of the defendant, and that the plaintiff was compelled to personally borrow a large sum of money to be used in the business in lieu of the partnership assets. It is also shown that the defendant is desirous of dissolving the partnership. In brief, teamwork and harmony in the management of the enterprise does not exist, proximately resulting in the impairment and material injury to the business, and it is natural that under such conditions there will be a continuation of loss and injury."

In Jones v. Jones, 229 Ky. 71, 16 S.W.(2d) 503, 504, a receiver was appointed for a farm partnership conducted by two brothers. In upholding the validity of an order appointing the receiver prior to the hearing on dissolution, the court said:

"The relationship existing between the partners is so strained and bitter that it is impossible to even hope for the slightest co-operation between them. There is absolutely nothing to do but to appoint a receiver to take charge of the partnership property pending a final settlement of the partnership affairs."

In Reed v. Beals, 77 Fla. 801, 82 So. 234, the court said:

"From the examination which we have made of the authorities on this subject, we think the law may be considered as settled, that whenever the intervention of a court of

equity becomes necessary, in consequence of dissensions or disagreements between the partners, to effect a settlement and closing of the partnership concerns, upon bill filed by any of the partners, showing either a breach of duty on the part of the other partners, or a violation of the agreement of partnership, a receiver will be appointed as a matter of course."

It may be observed that the receiver appointed by the court in this case is the person whom the appellant recommended for appointment as a dictator of the affairs of the firm. Nevertheless the present appeal was taken immediately upon his appointment, and before any action was taken by him in the conduct of his duties under his appointment.

The order of the court appointing the receiver is affirmed with costs.

Rehearing Denied Oct. 12, 1934.