D. W. BATES, Superintendent of Banking, Plaintiff, Appellee, v. FARMERS LOAN AND TRUST COMPANY of Iowa City, Defendant; BEN S. SUMMERWILL, Appellant.

No. 45213.

1348

APRIL 2, 1940.

Frank F. Messer, R. S. Milner, and W. E. Wallace, for appellant.

Fred D. Everett, Attorney General, Floyd Philbrick, Assistant Attorney General, and Roscoe P. Thoma, for appellee.

HAMILTON, C. J.—In 1932 the Farmers Loan & Trust Company of Iowa City, Iowa, a banking concern, was, by the district court of Johnson County, Iowa, in a manner conformable to statute, placed in receivership with L. A. Andrew, the then superintendent of banking of the state of Iowa, as receiver. By proper order of court, B. S. Summerwill was named as examiner in charge. Such examiner qualified by giving bond and proceeded to administer said trust. Thereafter, D. W. Bates succeeded Andrew in office and was substituted as plaintiff and as receiver, Mr. Summerwill also being retained as examiner in charge of said receivership. On April 26, 1939, being a day of the regular February 1939 term of said court, in pursuance to an order of court fixing time for hearing and prescribing notice, the final report of the receiver was approved and the receiver and examiner in charge were, by the court, discharged and released from all liability and their respective bondsmen exonerated. The February 1939 term of said court adjourned sine die on April 29, 1939. The May term, 1939, of said court opened May 1, and adjourned sine die on September 16, 1939.

Thereafter, on October 19, 1939, during the regular September 1939 term of the Johnson county district court and in the original receivership case, D. W. Bates, superintendent of banking of the state of Iowa, plaintiff in said original cause and former receiver therein, filed in said court what is designated "Petition to Re-Open Receivership", in which he asked and prayed that the court fix a time for appearance to said petition and prescribe the notice to be given thereof; that, upon hearing, the court enter an order re-opening said receivership; that it vacate the order made on the 26th day of April 1939 and, particularly, that part thereof wherein the final report of the receiver was approved and the receiver and examiner in charge discharged and released from liability and the bondsmen exonerated. The court fixed the 1st day of November 1939 at 9 o'clock, a. m., as the time for appearance to said petition and ordered notice to be given by personal service on B. S. Summerwill at least 10 days prior to the time set for appearance and further by one publication in the Iowa City Press Citizen, a newspaper published in Iowa City, Iowa, at least 10 days prior to the time of appearance. A copy of the notice was submitted to and approved by the court. The notice directed "to Ben S. Summerwill and to any and all creditors of Farmers Loan & Trust Company of Iowa City, Iowa, and any and all persons interested in them" was served and published as by order of the court provided. By subsequent order, agreeable to Summerwill, as shown by stipulation, the date of appearance was extended to November 20, 1939. On this date, Summerwill, through his attorney, filed special appearance in which he challenged the jurisdiction of the court. On December 22, 1939, Bates filed an amendment to his petition but served no further notice of same and, to this amendment, Summerwill also filed special appearance based on much the same grounds as the first.

The alleged basis for asking the re-opening of said receivership and vacating the order of discharge of said receiver and examiner in charge of said bank is the existence of assets belonging to said receivership which should be accounted for, the existence of which was not discovered until after said order of discharge had been entered. It is charged in said petition that, in handling certain assets belonging to the receivership, the examiner in charge, who was personally interested in the securi-

ties involved, was guilty of fraud, either actual or constructive, in thus dealing with himself and thereby obtaining possession of said alleged assets and should be required to account for said property and, to that end, the petition is made for the re-opening of said receivership.

The merits of the controversy are not before us for determination. Reduced to its last analysis, we have for determination only the question of procedure, the appellant contending that the order of discharge was a final adjudication and that the only way of setting aside said final order and judgment is by proceeding under chapter 552 of the 1935 Code of Iowa; that the court had jurisdiction neither of the person of Summerwill nor of the subject matter of the proceedings. Whereas, the appellee contends that:

"A Receiver is—an officer of the Court—merely the Court's creature or officer—has no implied powers—must prudently preserve and protect the property intrusted to him as an officer of the Court—acts for the Court—has no powers save those conferred upon him by the Court's orders—is the arm or hand of the Court—is subject to the Court's directions and orders—cannot stipulate the law adversely to his trust—has no power to make a compromise and settlement—is a representative of the Court—has no authority to waive the rights of those interested in the estate—must act only under the direction of the Court—is a ministerial officer of the Court—really represents the Court and acts only under its direction—his authority is derived from the Court appointing him and he is subject to its order only.

"And all funds and property involved in a receivership are 'in custodia legis', the Court itself having the care of the property and the Receiver being merely the creature or officer of the Court in the handling and, or, administering of same.

"It is a further well recognized rule that a Receiver is not permitted to derive personal profit or advantage out of his office or the administration of this trust; and that profit or benefit accruing from his management, handling or dealing with the property of his trust must inure to the trust estate; and the Receiver cannot in his personal capacity assert claims or rights against property or funds of his trust adversely to the Court

and, or, the persons legally entitled to share in the benefits or distribution thereof.

"The Court is not bound by anything its Receiver may do without direction—and the Receiver cannot legally act without direction or authority of the Court.

"The Court cannot be bound by a false or fraudulent report of a receiver. Accounting not true, not correct, false or fraudulent, cannot bind the Court. True and correct Accounting must be rendered to the Court.

"Courts in handling or dealing with Receivers necessarily can act on their own motion—necessarily must deal with Receivers in a summary manner. And a Court being advised that a Receiver has acted improperly can and does properly take action to compel accounting or correction. The necessities and exigencies of such situations require this power and authority on the part of the Court. The Chancellor must have the power and freedom of action to enforce the trust and deal with his own agent and representative required for administering the same."

The foregoing summary is supported by the following citations contained in appellee's brief: Crim v. Crim, 194 Iowa 1137, 191 N. W. 157; Bank of Montreal v. Chicago C. & W. R. Co., 48 Iowa 518; State Cent. Sav. Bank v. Ball Bearing Chain Co., 118 Iowa 698, 92 N. W. 712; First Nat. Bk. v. White Ash C. Co., 188 Iowa 1227, 176 N. W. 287, 12 A. L. R. 286; State v. Des Moines Union S. Y. Co., 197 Iowa 987, 197 N. W. 1009, 35 A. L. R. 487; Sherman v. Linderson, 204 Iowa 532, 215 N. W. 501; Andrew v. Rivers, 207 Iowa 343, 223 N. W. 102; First Tr. Joint Stock Land Bk. v. Ogle, 208 Iowa 15, 221 N. W. 537; McCarthy v. Cutchall, 209 Iowa 193, 225 N. W. 865; Farmers Sav. Bk. v. Pomeroy, 211 Iowa 337, 233 N. W. 488; Andrew v. Union B. & T. Co., 225 Iowa 929, 282 N. W. 299; Leach v. Farmers & Merch. Sav. Bk., 207 Iowa 471, 220 N. W. 10; Savings & Trust Co. v. Polk Dist. Court, 121 Iowa 1, 95 N. W. 522; Price v. Howsen, 197 Iowa 324, 197 N. W. 62; Leach v. State Sav. Bk., 202 Iowa 97, 209 N. W. 421; Williams v. Trust Co., 126 Iowa 22, 101 N. W. 277; In re Receivership of Magner, 173 Iowa 299, 155 N. W. 317; Taylor v. Easton, 8 Cir., 180 F. 362; Schenck v. Ingraham, 5 Hun, N. Y., 397; New York & W. U. Tel. Co. v. Jewett, 115 N. Y. 166, 21 N. E. 1036; Haas v.

Elec. Supply Co., 199 N. C. 796, 156. S. E. 92; Stone v. Mincey, 180 S. C. 317, 185 S. E. 619; Tardy's Smith on Receivers, (2d Ed.) page 2128; 47 C. J., page 14, 53 C. J. 20, section 4; Code section 9239 and Code section 9242.

Appellant has little quarrel with appellee as to the abstract propositions of law contained in the foregoing citations of authority relied upon by appellee.

 Appellant does not contend that the court is without power or authority to set aside the order approving the final report and discharging the receiver. He does contend, however, that the order was a final adjudication and, in order to set it aside, the statutory procedure outlined in chapter 552 of the Code of 1935 must be followed. He points out that this court has many times held in estate matters that an order of discharge of an administrator constitutes a final adjudication, citing Murphy v. Hahn, 208 Iowa 698 at 703, 223 N. W. 756, and other cases of like import. In the case of Weidman v. Money, 205 Iowa 1062, 1064, 219 N. W. 39, we said:

"It is well settled in this state that a final order in probate, entered on due notice to the beneficiaries, is a final adjudication."

These same cases hold, however, that such final adjudication is not conclusive as to property fraudulently omitted from the administrator's accounts and that, in such cases, equity may be invoked to set aside the final adjudication and grant proper relief. This court has held that the authority of a court to vacate a judgment or final order, after the term at which it is rendered, is statutory and, to give the court jurisdiction, the party against whom the application is made must be served with notice after the manner of original notices for the commencement of an action. Railway Co. v. District Court, 170 Iowa 568, 153 N. W. 217. In the case of Workman v. District Court, 222 Iowa 364, 367, 269 N. W. 27, we said:

"The power of the court to modify or set aside a judgment, when once entered, is purely statutory. Chapter 552 of the Code provides the procedure to vacate or modify a judgment."

Code section 12787 of chapter 552 provides:

"Where a final judgment or order has been rendered or

made, the district court, in addition to causes for a new trial hereinbefore authorized, may, after the term at which the same was rendered or made, vacate or modify the same or grant a new trial:

"1. * * *

"2. For fraud practiced in obtaining the same."

This chapter provides that the application based upon the ground of fraud shall be by verified petition setting forth the judgment and order, the alleged facts or errors constituting a cause to vacate or modify it. Such proceedings must be commenced within 1 year after the judgment or order was made (exception is made in case of minors or person of unsound mind). In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service, and return, and the pleadings, issues, and form and manner of trial shall be governed by the same rules and conducted in the same manner, as nearly as may be, and with the same right of appeal, as in ordinary actions. No new cause of action or defense shall be introduced, and the matter stated in the petition shall be taken as denied without answer, and the issue shall be tried by the court. The judgment shall not be vacated on motion or petition until it is adjudged there is a cause of action or defense to the action in which the judgment is rendered. The court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the cause of action or defense. See sections 12792 to 12798, inclusive, of chapter 552 of the Code of 1935.

It will be seen that a complete legal remedy is provided for setting aside a judgment or order after the term at which it was entered and within 1 year of the rendition of such judgment. We have held that this proceeding must be entitled in the original action. McKee v. National Trav. Casualty Assoc., 225 Iowa 1200, 282 N. W. 291, and cases therein cited. We have also held that, during the year from the date of rendition of the judgment, an independent action in equity brought to set aside a judgment will not lie for the reason that the provisions of the statute contained in chapter 552 provide a plain, speedy and adequate remedy at law. It is conceded in argument by appellant that there is no precedent in the decisions of this

court wherein a receivership matter was involved. It would seem, however, that, in so far as the finality of the adjudication is concerned, an order of court approving a final report of a receiver and entering an order discharging the receiver and exonerating his bondsmen should have the same legal force and effect as a similar order in estate matters and in guardianship matters and that, since such an order in a receivership is a final order or judgment, the statutory procedure applicable to all judgments and orders should be held to be applicable. It would seem that this should be especially true because of the fact that there are no particular statutory provisions applicable to receiverships and, hence, these general statutory provisions made applicable to all judgments and orders should apply. It is true that the receiver, as such, and the examiner in charge were not adversary parties in the original suit and some of the language contained in the statutes found in chapter 552 of the Code could only be made applicable in a situation where adverse parties were involved. But, suppose, instead of Mr. Bates, superintendent of banking, being the petitioner, one of the creditors, whose claim had not been fully satisfied, were the petitioner. In such a situation, would the court not be required to hold that such creditor would first be required to set aside and vacate the final order of discharge before he could file objections to the final report or obtain any relief? Would it not tend to produce a chaotic condition of affairs to hold that the creditor might thus come into the main action in a receivership matter years after the receiver's final accounts and reports had been approved and the receiver discharged? That such a creditor could institute the proceedings which is here brought by Mr. Bates, superintendent of banking of the state of Iowa, has been recognized in this state in the case of Williams v. Trust Co., supra, wherein it is held that, in order to set aside the order of discharge, such creditor would not be required to bring in other creditors or parties to the original litigation and, in this respect, the order attacked differs from an ordinary judgment. In that case, however, the question of procedure was not involved and the supreme court only had before it the question of whether or not the trial court abused its discretion in setting the order aside.

We recognize that we have a rather anomalous situa-

tion confronting us in this proceeding because of the following facts: The superintendent of banking, under the statute, is given power and authority to institute the action placing banks in receivership and the court is required to appoint him as the receiver and he is given power to nominate assistants and to employ counsel. Under such statutory authority, this original suit was commenced and the examiner in charge was designated. The final report involved in this action is the final report of the receiver, D. W. Bates, and not the final report of the examiner in charge. Bates has, voluntarily, appeared and filed this petition in which he confesses that the order of approval of his final report should not have been entered because all of the property has not been accounted for due to the alleged fraudulent conduct of his assistant, the examiner in charge. Having thus appeared and submitted himself to the jurisdiction of the court, in so far as he is concerned, the court undoubtedly had jurisdiction without the service of any further notice upon him. However, the order of discharge did include the examiner in charge of the corporation and did approve his acts and conduct and discharged him from further liability and his bondsmen were exonerated so that the order not only adjudicated the rights and liabilities of the receiver but also those of the examiner in charge and his bondsmen.

We have then a situation where one of the parties, who might claim the benefits of the final adjudication, has in the original action and within 1 year from the rendition of the final adjudication voluntarily submitted himself to the jurisdiction of the court, asking that the order protecting him be vacated. The court, therefore, having jurisdiction of the subject matter and of the person, in so far as Bates, receiver, is concerned, did the court have jurisdiction to deal summarily with the examiner in charge by prescribing notice and fixing the time for appearance other than that provided by statute for the commencement of original actions, and, thereby, bring into court the examiner in charge? Or, did the court act beyond its jurisdiction and illegally in overruling the special appearance of such examiner?

The special appearance challenged the jurisdiction of the court both as to the person and subject matter, the gist of which being that, because the order of discharge was entered,

the original action no longer existed. The receivership matter was closed. The receiver and examiner in charge were no longer officers of the court, they having been discharged. This would, of course, be true so long as the order of discharge stands; however, for the purpose of entertaining an application to vacate or set aside this order for any of the reasons specified by statute, the court, by operation of law, undoubtedly, retained jurisdiction of the subject matter of the suit provided the provisions of the statute in such cases made and provided are complied with and the application filed in said original cause within 1 year from the date of rendition of the judgment or order attacked.

It seems to be appellant's theory that there would have to be a proceeding analogous to the appointment of administrator de bonis non in estate matters. Certainly this would not be necessary if the order of discharge is set aside. The matter would then stand as if no order of discharge had been entered. Bates would still be receiver and Summerwill the examiner in charge, and, under the further direction of the court, be required to administer the remaining undisposed of matters in the receivership. It is pointed out by appellant that appellee, in open court, stated, through counsel, that the proceeding was not one under chapter 552 of the Code and it is true that, in a colloquy between counsel, which appears in the record, counsel for appellee did state that he did not think the proceeding was under section 12787 of the Code. However, the fact is that the entire proceeding was, in fact, in strict accord with the provisions of the law contained in said chapter 552 of the Code, save and except the appearance date fixed by the court. Appellant does not raise any question as to the form of the notice or as to the manner of service. Appellant was served personally with a proper notice in due form. The notice did not, however, require him to appear by noon of the second day of the next term of said court, but at a day fixed by order of court of the current term, to wit, the 1st day of November, 1939. The procedure outlined in chapter 552 seems to contemplate a notice the same as in ordinary actions. Whether or not the notice in this case to Summerwill, as examiner in charge, an appointee of the receiver, should be held sufficient in a receivership matter, wherein the receiver has voluntarily appeared and sub-

mitted himself to the jurisdiction of the court, presents a very nice question; however, in the view taken by the majority of the court, it is not necessary that we determine the sufficiency of said notice.

As heretofore stated, after the original order prescribing the form of notice to Summerwill had been entered wherein November 1, 1939, was fixed as the date of appearance, the date of appearance was extended to November 20, 1939, which was the first day of the next term of court, to wit, the November 1939 term of said court. This extension was pursuant to a stipulation by the attorneys for Summerwill and the attorney general, appearing for the superintendent of banking, Mr. Bates. This stipulation provides as follows:

"It is now agreed that the court may set the time fixed for appearance for Ben S. Summerwill for Monday, November 20, 1939, at the hour of 9 o'clock A. M.

"And the said Ben S. Summerwill agrees not to require the service of any further notice as to him in said matter, but will file an appearance and pleading in said matter on or before said day.

"This is without prejudice to any other matters in connection with either party not embraced herein."

The stipulation was presented to the court by appellant's attorneys in the absence of the attorney general, and pursuant to the stipulation the court entered an order on October 26, 1939, which provides as follows:

"WHEREAS, on the 20th day of October, 1939, an order was entered herein with reference to a petition of the plaintiff filed on the 19th day of October, 1939, which prayed for the reopening of the above named receivership and the vacation of the order entered herein on the 26th day of April, 1939, approving the final report of the receiver and releasing the receiver and examiner in charge from liability and exonerating their bondsmen, which order provided that the time for appearance to said petition was set for the first day of November, 1939, at nine o'clock A. M. at the court house in Iowa City, Iowa, and providing, among other things, for a method of service upon Ben S. Summerwill, former examiner in charge;

1358

"AND WHEREAS doubts have arisen as to the legality and binding effect of said order as to the said Ben S. Summerwill;

"And attorneys for Ben S. Summerwill having stated to the Court that if the Court cancels said order and fixes the time for appearance of Ben S. Summerwill for the 20th day of November, 1939, that on or before said date an appearance will be made to said petition of the plaintiff and a pleading filed in said matter by the said Ben S. Summerwill, without requiring that any new notice be served;

"IT Is Now THEREFORE ORDERED that so much of the order referred to with reference to Ben S. Summerwill as fixes the date of appearance for the first day of November, 1939, at nine o'clock A. M. at the Court House in Iowa City, Iowa, and providing the time and method of service of notice upon Ben S. Summerwill and any notice to Ben S. Summerwill and the service thereof based on said order, hereby are each and all annulled, and cancelled, and vacated.

"IT Is FURTHER ORDERED that the time for appearance to the petition of the plaintiff aforesaid as to Ben S. Summerwill is hereby set for the 20th day of November, 1939, at nine o'clock A. M. at the Court House in Iowa City, Iowa."

The November 1939 term of the district court for Johnson county, Iowa, commenced on November 20, 1939. If the order had required the appellant to appear by noon of November 21, 1939, the notice prescribed by the court in form and manner of service and time for appearance would, in all respects, have been a substantial compliance with the statutory provisions relating to original notices in ordinary actions. By the terms of the stipulation filed, the date of appearance was agreed upon. Not only this, but Summerwill agreed that no other or different or further notice was necessary; that, if the court canceled the former order and fixed the date of appearance for November 20, 1939, he would file an appearance and pleading in said cause on or before said date. In view of this record, which was made at the instigation of the appellant, we hold that appellant has consented and agreed to the date of his appearance and he cannot assert the slight departure from the requirements of the statute as a ground for challenging the jurisdiction of the district court, if, indeed, his special appearance can be held to

challenge the jurisdiction of the court because of any defect of notice.

In his special appearance he states:

"That he takes notice of the several orders of Court whereby he is required to appear herein on November 20, 1939, and does not question the form or method of service of the notice which plaintiff caused to be served upon him with respect to the said order requiring his appearance. However he shows:

"A. There is no such action pending in the above Court as is designated in the above caption."

He then proceeds to set forth the various reasons why there is no such action pending and, hence, the court is without jurisdiction both as to the subject matter and as to the person of said appellant.

For the reasons indicated, under the record in this particular case, the trial court was right in overruling appellant's special appearance and the decision of said court must be and is affirmed.—Affirmed.

MILLER, MITCHELL, BLISS, HALE, and SAGER, JJ., concur.