**CREEL v. CREEL et al.**

Nos. 10383–10385.

United States Court of Appeals
District of Columbia Circuit.

June 5, 1950.

Mr. Edwin J. Creel, pro se.

Messrs. Leon Tobriner and Gilbert Hahn, Jr., for appellee Robert T. Creel.

Mr. G. Bowdoin Craighill, for appellee Erskine Gordon, Receiver.

Before STEPHENS, Chief Judge, and WILBUR K. MILLER and PROCTOR, Circuit Judges.

PER CURIAM.

These motions are addressed to three appeals which have been pending in this court for nearly a year. The first, notice of which was filed on May 29, 1949, is from a judgment of the United States District Court for the District of Columbia confirming the report of an auditor and

ordering the distribution of funds in the hands of a receiver; the second, notice of which was filed on July 29, 1949, and the third, notice of which was filed on August 4, 1949, are from supplemental orders of the District Court making allowances to the receiver and his counsel.

In considering the motions to dismiss, a résumé of the litigation between the principal parties in the District Court and in this court will be helpful. Edwin J. Creel, appellant, and Robert T. Creel, one of the appellees, were partners in an automotive business. In 1933, as a result of differences between them, appellee Robert T. Creel filed a bill of complaint in the District Court asking for the appointment of a receiver and for the dissolution of the partnership. The District Court appointed a receiver. Appellant appealed from that order of appointment. That appeal was argued and this court affirmed the order. The opinion of the court, by Chief Justice Martin, appears in Creel v. Creel, No. 5998, 63 App.D.C. 384, 73 F.2d 107 (June 25, 1934). A petition for a writ of certiorari was denied by the Supreme Court. Creel v. Creel, 1935, 294 U.S. 723, 55 S. Ct. 551, 79 L.Ed. 1255.

In June, 1936, the District Court ordered the partnership dissolved and referred the case to an auditor to determine the respective interests of the parties. In January, 1939, the auditor's report was filed; in June, 1939, it was confirmed; on October 14, 1941, an appeal from the order of confirmation was dismissed by this court for failure of appellant to file his brief after he had been allowed seven extensions of time within which to file the record and two extensions of time within which to file his brief. No. 7696, Creel v. Creel.

In August, 1942, the District Court ordered the sale of the partnership assets. An appeal to this court was taken in November, 1942. Notwithstanding that appellant was given an extension of time of more than six months in which to file the record and given permission to file the original record, none was filed; in

consequence, the appeal was dismissed on July 1, 1943. A motion for rehearing and modification of the order of dismissal was argued and was denied October 18, 1943. A per curiam opinion was filed. No. 8465, Creel v. Creel.

On a date not made to appear in the record in this court in the appeals now under consideration, the District Court confirmed the order of sale of the partnership assets. Appeals from that order and two ancillary orders were argued on May 8, 1945. The order of sale was affirmed on May 21, 1945, upon the ground that "the trial court properly exercised its discretion in confirming the order of sale." The appeals from the other two orders were dismissed upon the ground that they were not appealable. Creel v. Creel, 80 U.S. App.D.C. 412, 149 F.2d 830.

Finally, in March, 1949, the District Court entered judgment confirming the report of the auditor and ordering the distribution of the funds in the hands of the receiver. From that judgment and two orders supplemental to it come the three appeals now pending. As has been noted above, the third of these was filed on August 4, 1949. On August 10, 1949, appellant moved for permission to file a joint record in the three appeals and for extension of time within which to file the record to October 1, 1949; the motion was granted August 25, 1949.

On October 1, 1949, appellant filed a second motion to extend time within which to file the record to October 17, 1949. Over the objection of the receiver-appellee, that motion was granted on October 14, 1949. The record was filed on October 17, 1949.

On the last mentioned date appellant was notified by the clerk of this court that his brief was due within 40 days. On November 26, 1949, appellant moved to extend the time within which to file his brief to January 14, 1950; that motion was granted on December 8, 1949.

On January 14, 1950, appellant moved for a second extension of time to February 14, 1950, within which to file his

brief; that motion was granted on January 26, 1950.

On February 14, 1950, appellant moved for a third extension of time to March 1, 1950; that motion was granted on February 25, 1950.

On March 1, 1950, appellant moved for a fourth extension of time within which to file his brief—to March 10, 1950—"as a means of maintaining the status quo, pending the filing of a supplemental and more detailed motion for extension of time to March 28 . . . ." On March 7, 1950, appellee Robert T. Creel filed an answer to the fourth motion, objecting to any further extension and moving the dismissal of the appeal as to him.

Although the motion of March 1 was still pending, on March 10 appellant moved for a fifth extension of time to April 12, 1950.

On March 14, appellant filed a reply to the objections to the granting of any further extension of time filed by appellee Robert T. Creel on March 7, 1950.

On March 20, appellee Robert T. Creel moved to dismiss the appeal in No. 10,383. On March 23, receiver-appellee Erskine Gordon moved to dismiss all three appeals. On March 28, appellant moved for an extension of time to April 10, 1950, within which to answer the motion to dismiss in No. 10,383. On March 31, appellant moved for an extension of time to April 10, 1950, within which to answer the motion of receiver-appellee to dismiss the three appeals. On April 10, 1950, appellant moved for further extension of time to April 17, 1950, within which to file answers to the motions to dismiss, or, as an alternative, that his reply to the objections to the granting of further extensions of time, filed March 14, 1950, be considered as a reply to the motions to dismiss.

On April 12, 1950, appellant moved for a sixth extension of time to May 12, 1950, within which to file his brief. On April 13, 1950, appellee Robert T. Creel, and on April 14, 1950, receiver-appellee Erskine Gordon, filed objections to the granting of further extensions of time.

On April 17, 1950, appellant moved for a further extension of time to April 30, 1950, within which to answer the motions to dismiss, or, as an alternative, that his reply to the objections to the granting of further extensions of time, filed March 14, 1950, be considered as a reply to the motions to dismiss.

On May 12, 1950, appellant moved for a seventh extension of time to June 14, 1950, within which to file his brief. On May 16, 1950, appellee Robert T. Creel, and on May 19, 1950, receiver-appellee Erskine Gordon, filed answers to that motion, objecting to the granting of further extensions of time.

On May 16, 1950, the appellant filed an answer to the motions to dismiss.

To summarize the foregoing: To date appellant has taken, including the three pending appeals which are the subject of this opinion, nine appeals in the litigation described, over a period of more than 16 years. The first, fourth, fifth, and sixth were argued and disposed of upon their merits. The second was dismissed for failure to file a brief after two extensions of time, following seven extensions of time within which to file the record. The third was dismissed for failure to file a record after an extension of time of more than six months; an opinion was filed by the court.

The seventh, eighth, and ninth appeals, to wit, the instant appeals, have been pending since May 29, 1949, July 29, 1949, and August 4, 1949, respectively. Appellant filed the record after two extensions of time. He has not yet filed his brief, although he has been granted three extensions of time. The periods requested in the motions for a fourth, fifth, and sixth have already run.

Appellant advances as reasons for his successive applications for extensions of time within which to file his brief that the appeals are "excessively complicated, both as to the law and as to the facts . . . ." He asserts that this is because he intends to argue in his brief the validity of all of the orders entered in this litigation in the past 16 years, upon the

theory that the amendment of Rule 54(b), Federal Rules of Civil Procedure, effective March 19, 1948, 28 U.S.C.A., destroys their finality.

■ This contention is without merit. In its present (amended) form Rule 54(b) provides that "When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims . . .." Prior to amendment, the rule was in the terms set forth in the margin.[1] Assuming, without deciding, that a succession of orders such as are involved in the present litigation is within the contemplation of Rule 54(b) as amended, and that final judgments on "all of the claims" except those involved in the three appeals now before this court were entered without the express determination and direction required by the rule, as amended, the rule is not controlling because the orders were all entered prior to the effective date of the amendment of the rule, March 19, 1948.

■ Moreover, the purpose of the amendment to Rule 54(b) was to make clear that orders making piecemeal disposition of an action were not made appealable by virtue of the power of the court to enter them under Rule 54(b), but that that rule left undisturbed the general rule that, absent special statutory authorization, only final judgments are appealable. Moore, Federal Practice (Supp. 1948) 172 et seq. Finally, the appeals taken from the judgments on the claims other than those involved in the three appeals now pending were determined by this court. The court cannot now reconsider the judgments appealed from.

Appellant further seeks to excuse on various personal grounds his failure to file his brief within the time required by the rules or within the extensions granted. He says that he has been continually harassed and threatened and that attempts on his life have been made by agents of appellees to the point that he has been required to move first from his apartment and then from the city of Washington. He asserts that he has been busy investing some $100,000 which he received from the sale of the partnership assets; in working on inventions and discoveries of interest, in his opinion, to the Atomic Energy Commission; in preparing his income tax returns; in resolving various difficulties alleged to have arisen because of the loss of records in the District Court and because of lack of cooperation by appellees in entering into stipulations and agreements and in tendering the amount of appellant's share of the assets; in defending an appeal against him in another case now pending. Finally, appellant alleges that a conspiracy exists to deprive him of his constitutional rights, and that various judges of the District Court are biased and prejudiced against him.

■ The other business of appellant may be pressing and important, but he has no right to treat these appeals as less so. Moreover, appellant has insisted upon proceeding in this court without counsel, although, as was said by the court in the appeal dismissed in 1943, No. 8465, "we have on at least three occasions . . . advised him from the bench of the desirability of his being so represented"; and there is no indication in the record that the appellant is financially or

1. When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims. . . .

otherwise unable to procure counsel. Appellant is, of course, free to proceed without counsel, but his election to do so cannot excuse him from compliance with the rules of the court.

■ In respect of appellant's assertion that he has been continually harassed and threatened and that attempts upon his life have been made, the provisions in 18 U. S.C. § 3043 (Supp.1950) governing peace bonds afford protection to him upon a proper showing. In any event the asserted threats and attempts upon appellant's life, it is plain from his own assertions, have not deterred him from pursuing his personal business and in working upon inventions and discoveries. Nor have they deterred him from filing numerous and voluminous papers in support of his applications for extensions of time within which to file his brief. We think therefore that appellant's contention that these threats and attempts excuse his not filing his brief is not meritorious. Moreover, it may properly be commented that the time which appellant must have occupied in preparing the numerous, voluminous papers which he has filed in support of his applications for extensions of time within which to file his brief would have sufficed for the preparation and filing of the brief itself.

■ Appellant, dissatisfied with the sum awarded him by the District Court in the receivership proceeding below, undertook to prosecute these appeals. That was his right. But it was equally his duty to proceed with reasonable dispatch. Throughout the course of these appeals and throughout the course of the entire litigation above described, appellant has been almost invariably dilatory in meeting the rules of the court with respect to the time of filing papers. The court cannot properly tolerate any further delay. Respect for the orderly administration of the business of the court and fairness to appellees require that these appeals be dismissed for failure of appellant to file his brief. It is so ordered.

Appeals dismissed.